GEORGE P. UHL, PLAINTIFF IN ERROR, v. JOHN MAY, DEFENDANT IN ERROR.

1. **Execution Sale.** A purchaser at a sale under an execution is protected to the same extent as a purchaser at private sale, from claims of third persons previously acquired from the debtor, of which he had no notice.

2. **Real Estate.** *Possession* of land is notice to all the world, not only of the possession itself, but of the right, title, and interest, whatever it may be, of the possessor.

3. **Judgment: LIEN.** Where the legal title to real estate is in the name of the judgment debtor, and such real estate is in the possession of another party, the lien of the judgment attaches only to the interest of the debtor therein.

4. **Enjoining Sale.** Where a conveyance would pass no title, but would result only in casting a cloud on the title of the plaintiff, the sale will be restrained.

ERROR from the district court of Richardson county. Tried below before WEAVER, J. The opinion states the case.

*George P. Uhl, pro se.*

I.  A judgment lien is superior to an unrecorded deed, and, therefore, stronger than a mere verbal sale, as set up in plaintiff's petition. Freeman on Judgments, Sec. 366. *Gower v. Doheney*, 33 Iowa, 36. *McFadden v. Worthington*, 45 Ill., 362. *Bennet v. Fooks*, 1 Neb., 465.

II.  The holder of a judgment has a lien on all the land that the records show in the judgment debtor. *Martin v. Dryden*, 7 Ill., 187. *Massey v. Westcott*, 40 Ill., 160.

III.  Possession under a parol contract of sale or unrecorded deed is not such notice as will bar a judgment creditor's lien. *Rogers v. Hussey*, 36 Iowa, 664. *Hop-*

*ping v. Burnam*, 2 G. Greene, 39.    *Pomroy v. Stevens*, 11 Met., 244.    *Breed v. Conley*, 14 Iowa, 269.    These authorities above cited are all in point, and establish the defendant's lien (plaintiff in error) on the land. *M'Mechan v. Griffing*, 3 Pick., 149.    *Leach v. Ansbacher*, 55 Penn. St., 89.    *Plumer v. Robertson*, 6 S. & R., 184.

*E. W. Thomas*, for defendant in error, cited High on Injunctions, 91.    *Key City Co. v. Munsell*, 19 Iowa, 305. *Norton v. Beaver*, 5 Ohio, 178.    *Fonda v. Sage*, 46 Barb., 109.    *Moyer v. Hinman*, 13 New York, 180.    3 Washburn on Real Prop., 283.    *Rupert v. Mark*, 15 Ill., 540.    *Morrison v. Kelly*, 22 Ill., 610.    *McKinzie v. Perrill*, 15 Ohio State, 162.

MAXWELL, J.

On the 29th day of June, 1874, John May filed his petition in the district court of Richardson county against George P. Uhl, Elizabeth Montcravie and N. C. Cunningham, alleging that " in the year 1866 he purchased from Elizabeth Montcravie, for the agreed price of two hundred dollars, which he then paid to her, the following tract of land situated in the county of Richardson, in the state of Nebraska, to-wit: The northwest quarter of the southwest quarter of section twelve, in township three, north of range sixteen east, containing forty acres.    The said Elizabeth Montcravie was then the owner and in possession of said land, and at the time of said sale delivered the possession thereof to the plaintiff; and ever since that time the plaintiff has been in the actual and exclusive possession and occupancy of the same.    The said Elizabeth Montcravie, at the time plaintiff so paid the consideration money as aforesaid, agreed with plaintiff to deliver to him on demand a deed in fee simple for said land, with the usual covenants of warranty, but though requested she has failed so to deliver the same.

Ever since the time above stated, to-wit: the year 1866, the said Elizabeth Montcravie has had no title or interest in said land, and has been the holder of the naked legal title in trust for the plaintiff. Sometime in the year 1873, and while the plaintiff was in the actual and exclusive possession and occupation of said land, claiming title thereto, the defendant George P. Uhl caused an action to be commenced in this court, wherein he was plaintiff and Elizabeth Montcravie was defendant, to recover a sum of money, and in said action caused an attachment to be issued and levied upon the land above described, as the property of the said Elizabeth Montcravie. The said Uhl claims to have recovered a judgment in said action, and has caused the said land to be seized on execution therein by the sheriff of said county, and has had the same advertised for sale on the 30th day of June, 1874, at the court house in Falls City, in said county. The said Elizabeth Montcravie had no interest or title to said land which could have been seized in attachment or execution, of which said Uhl then and there had constructive notice.

The claim set up by said Uhl to said land, under and by virtue of said attachment and execution, is illegal and without foundation in law; but the same casts a cloud upon the title of plaintiff, and if a sale should be made by the sheriff under said execution or order of sale, the same would tend further to embarrass and cast a cloud upon plaintiff's title," wherefore plaintiff prayed for an injunction, etc. Uhl demurred to the petition on the ground that the facts stated therein were not sufficient to constitute a cause of action. The demurrer was overruled, to which exceptions were taken. The injunction was made perpetual. The case is brought into this court by petition in error.

The demurrer admits that the plaintiff in the court below purchased and paid for the tract of land in con-

troversy, and was in actual possession thereof as such purchaser before and at the time of the levy of the attachment. Section sixteen of chapter sixty-one of the General Statutes provides that "all deeds, mortgages, and other instruments of writing, which are required to be recorded, shall take effect and be in force from and after the time of the delivery of the same to the clerk for record, and not before, as to all creditors and subsequent purchasers in good faith and without notice; and all such deeds, mortgages, and other instruments shall be adjudged void as to all such creditors and subsequent purchasers without notice, whose deeds, mortgages, or other instruments shall be first recorded; *provided*, that such deeds, mortgages, or other instruments shall be valid between the parties."

The plaintiff in error insists that, as the statute provides that the lands and tenements of the debtor within the county where the judgment is entered shall be bound for the satisfaction thereof from the first day of the term at which the judgment is rendered, etc., therefore, a judgment creditor has a lien on all the lands that the record of deeds shows to be in the name of the judgment debtor, and that the same rule applies in favor of an attaching creditor.

A purchaser at a sale under an execution is protected to the same extent as a purchaser at private sale from claims of third persons previously acquired from the debtor, of which he had no notice actual or constructive; but he must have acted in entire good faith throughout in order to claim the protection of the law. The maxim of the law is that "where the right is equal, the claim of the party in actual possession shall prevail." In *Parks v. Jackson*, 11 Wend., 464, the supreme court of New York say: "It is a well settled principle of law that possession of land is notice to all the world, requiring those that would concern themselves in it, or

litigate for it, to take notice not only of the possession itself but of the right, title, and interest, whatever it may be, of the possessor." That is undoubtedly the law. And where the legal title to real estate is in the name of the judgment debtor, and such real estate is in the possession of another party, the lien of the judgment attaches only to the interest of the debtor therein. If the entire amount of the purchase money has been paid, there is nothing on which the lien can attach, and the same rules apply to an attachment against real estate.

This court in *Johnson v. Hahn*, 4 Neb., 139, held, that where a conveyance would pass no title, but would result only in casting a cloud on the title of the plaintiff, the sale would be restrained by an injunction.

The judgment of the district court is clearly right and must be affirmed.

JUDGMENT AFFIRMED.