HENRY KAHRE, APPELLEE, v. N. C. RUNDLE, IM-
PLEADED WITH FRANK N. PROUT, APPELLANT.

FILED NOVEMBER 8, 1893.   No. 4994.

1. Vendor and Vendee: POSSESSION NOTICE OF TITLE.   Possession of land is notice to all the world, not only of the possession itself, but of the right, title, and interest of the possessor.

2. ———: ———: FRAUD: RESCISSION.   This rule holds good in favor of a vendor who remains in possession after his conveyance, claiming that the conveyance was procured by fraud, as against a purchaser from the fraudulent vendee, where such purchaser knew of the vendor's possession and made no inquiry respecting it.

APPEAL from the district court of Douglas county. Heard below before DOANE, J.

The facts are stated in the opinion.

*Frank T. Ransom* and *Rickards & Prout*, for appellant:

Here was a person who, having owned property, had by his own act transferred it to another, and executed a deed therefor. Is he not estopped from relying on his possession as evidence to subsequent purchasers that he claims title to the premises? A large and respectable line of authorities answers this question in the affirmative. (Wade, Notice, sec. 299; *Scott v. Gallagher*, 14 S. & R. [Pa.], 333; *Newhall v. Pierce*, 5 Pick. [Mass.], 450; *New York Life Ins. Co. v. Cutler*, 3 Sandf. Ch. [N. Y.], 193; *Van Keuren v. Central R. Co.*, 38 N. J. Law, 165; *Hafter v. Strange*, 3 So. Rep. [Miss.], 190; *Bloomer v. Henderson*, 8 Mich., 395.)

*Prima facie*, the possession is of itself sufficient notice, whether it is actually known or not; but this presumption from possession, like that arising from any other fact putting one upon inquiry, is subject to rebuttal by proof showing that an inquiry, duly and seasonably made, failed to disclose any legal or equitable title in the occupant. (*Betts v. Letcher*, 46 N. W. Rep. [So. Dak.], 193; *Riley v. Quigley*, 50 Ill., 304.)

*John T. Cathers, contra:*

Possession of land is notice to all the world, not only of the possession itself, but of the right, title, and interest of the possessor. (*Uhl v. May*, 5 Neb., 157; *Jones v. Johnson Harvester Co.*, 8 Neb., 446; *Dunn v. Remington*, 9 Neb., 84; *McHugh v. Smiley*, 17 Neb., 620; *Buck v. Holloway's Devisees*, 2 J. J. Marshall [Ky.], 164; *Tuttle v. Jackson*, 6 Wend. [N. Y.], 225; *Colby v. Kenniston*, 4 N. H., 265; *Gouverneur v. Lynch*, 2 Paige Ch. [N. Y.],

300; *Parks v. Jackson*, 11 Wend. [N. Y.], 443; *Pell v. McElroy*, 36 Cal., 268; *Franz v. Orton*, 75 Ill., 100; *Wickes v. Lake*, 25 Wis., 71; *D' Wolf v. Pratt*, 42 Ill., 210; *Warren v. Richmond*, 53 Ill., 52; *Haughwout v. Murphy*, 32 N. J. Eq., 548; *Youngs v. Wilson*, 27 N. Y., 354; *Taylor v. Stibbert*, 2 Ves. Jr. [Eng.], 437*.)

One who purchases land in the actual possession of a third party will be held charged with notice of the latter's equities. (*Harper v. Perry*, 28 Ia., 57; *McKinzie v. Perrill*, 15 O. St., 162; *Krider v. Lafferty*, 1 Whart. [Pa.], 318; *Randall v. Silverthorn*, 4 Pa. St., 173; *Hood v. Fahnestock*, 1 Pa. St., 470; *Lewis v. Bradford*, 10 Watts [Pa.], 79; *Heckerman v. Hummell*, 7 Harris [Pa. St.], 70; *Lipp v. South Omaha Land Syndicate*, 24 Neb., 692; *Hatch v. Bigelow*, 39 Ill., 546; *Killey v. Wilson*, 33 Cal., 690; *Tate v. Hilbert*, 2 Ves. [Eng.], 120; *Daniels v. Davison*, 17 Ves. [Eng.], 433*.)

IRVINE, C.

Henry Kahre brought this action in the district court of Douglas county originally against N. C. Rundle alone, alleging that in January, 1890, Kahre was the owner of lot five in block four in Dupont Place, in the city of Omaha, and that defendant Rundle was the owner of certain land in Chase county; that the parties entered into an agreement to exchange said property, and that deeds in consummation of such exchange were executed and delivered. He further alleged that he was induced to enter into said trade because of false representations, unnecessary to here set out at length, in regard to the character of the Chase county land, and prayed for a rescission of the contract, and that the deed executed by him be set aside. An answer was filed by Rundle denying all allegations in regard to the false representations and alleging an unconditional exchange in good faith. The answer further pleaded that on the 19th day of March, 1890, Rundle had sold and conveyed said

lot to Frank N. Prout, and that Prout had paid a valuable consideration, and was without notice of any dissatisfaction on the part of the plaintiff. Thereafter Prout was allowed to intervene in the case. He alleged that the deed was made by Rundle to him, but that he took the title in trust for himself and his partner, Rickards, and that they were purchasers for value and without notice. A decree was rendered in favor of plaintiff. Prout appeals.

There is practically no question raised as to the sufficiency. of the evidence or the propriety of the finding that the conveyance from Kahre to Rundle was procured by fraud, but the intervenor Prout insists that the finding that Prout was not a *bona fide* purchaser for value without notice was erroneous and unsupported by the evidence. The petition in the case of *Kahre v. Rundle* was filed March. 3, 1890, which was prior to the conveyance to Prout, but the transcript of the record shows no service of process upon Rundle and no answer filed by him until June 26, 1890. No notice of *lis pendens* was filed. There is therefore no evidence in the record of constructive notice to Prout at the time he took the conveyance. (Code of Civil Procedure, sec. 85.) Nor is there any evidence of actual notice save such as may be derived from Kahre's continued occupancy of the property after his conveyance to Rundle. Upon this point the evidence tends to show that Kahre and his brother remained in possession of the Dupont Place property; that before the trade between Rundle and Prout was consummated Prout came to Omaha and examined the records, and finding title of record in Kahre placed upon record the deed from Kahre to Rundle, which Rundle had given him for that purpose; that he went to the property and inquired for Kahre, from which it would appear that he already knew of Kahre's possession. He made inquiry of Kahre's brother, left his business card with him with the request that he should tell Kahre of the call and have him write to Rickards & Prout in relation to rent; that

Prout then returned to Beatrice, where he lived, and next day completed the trade with Rundle. It quite clearly appears that Rickards & Prout were purchasers for a valuable consideration, and that at the time they took the conveyance from Rundle they knew nothing about the false representations relied upon by Kahre to defeat their title.

It is settled by a considerable line of authority that upon general principles possession of land is notice to all the world, not only of the possession itself, but of the right, title, and interest of the possessor. (*Uhl v. May*, 5 Neb., 157; *Weaver v. Coumbe*, 15 Neb., 167; *McHugh v. Smiley*, 17 Neb., 620; *Scharman v. Scharman*, 38 Neb., 39.) These cases were not, however, cases where the vendor remained in possession after a recent conveyance; and it is contended that in such case the continued possession of the vendor, especially for a short time, is not notice to a purchaser from the vendee of a continued interest or claim of the vendor contrary to his act of conveyance. Upon this question of law the whole case turns. We are cited to a number of cases upon the subject. In some states it is distinctly held that the rule charging a purchaser with notice of the occupant's title from the fact of occupancy does not apply where the occupant has been divested of title by his own deed. (*Bloomer v. Henderson*, 8 Mich., 395; *Van Keuren v. Central R. Co.*, 38 N. J. Law, 165; *Newhall v. Pierce*, 5 Pick. [Mass.], 450; *Scott v. Gallagher*, 14 S. & R. [Pa.], 333.) Elsewhere, however, such a distinction is denied. (*Hopkins v. Garrard*, 7 B. Mon. [Ky.], 312; *Pell v. McElroy*, 36 Cal., 268; *Illinois C. R. Co. v. McCullough*, 59 Ill., 166; *Berryhill v. Kirchner*, 96 Pa. St., 489.) In none of the cases cited on behalf of appellant is there any good reason urged for the distinction claimed, and an exception should not be made to the general rule in the absence of a sound reason therefor. Cases may arise presenting a state of facts grounding

reasons for a departure from the general rule, but we perceive nothing in this case warranting such a departure.

In *Uhl v. May*, 5 Neb., 157, and in *McHugh v. Smiley*, 17 Neb., 620, the general rule was laid down as applicable to this state. In both cases the distinction here contended for might have been drawn, but was not; and in *Hansen v. Berthelsen*, 19 Neb., 433, the point seems to have been urged upon the court, and it was there said: "Some doubt has been expressed as to the application of the rule as to notice where a grantor continues to hold possession after the delivery of his deed, but in our view there is no reason for a distinction. The question in both cases is, by what right is he in possession?"

We think, therefore, that Kahre's possession, a fact known to Prout before he took the conveyance, put Prout upon inquiry as to Kahre's continued claim to the premises. It is not shown that he made such inquiry, but, on the contrary, seems to have assumed that Kahre remained in possession as the tenant of Rundle. The judgment of the district court must be

AFFIRMED.