NORFOLK STATE BANK, APPELLEE, V. PETER SCHWENK,
IMPLEADED WITH WESTERVELT, HAYES & YOST,
APPELLEES, AND CHARLES FOSTER, APPELLANT.

FILED APRIL 21, 1897.   No. 7238.

1. **Marshaling Assets:** LIEN UPON TWO FUNDS. Equity will require
a creditor having a lien upon two funds, upon one of which alone
another creditor has a subordinate lien, to first exhaust the fund
to which he alone is entitled.

2. **Homestead:** LOT. The term "lot" is employed in the statute exempt-
ing homesteads to heads of families in its popular sense, and
denotes a parcel of land within the limits of a city or village as
surveyed and platted.

APPEAL from the district court of Madison county.
Heard below before ROBINSON, J.   *Reversed.*

*Campbell & Wallis,* for appellant.

*Wigton & Whitham, Barnes & Tyler,* and *Powers & Hays,*
*contra.*

POST, C. J.

This was an action by the plaintiff, the Norfolk State
Bank, in the district court for Madison county, for the
foreclosure of a mortgage executed by the defendants
Schwenk and wife upon the north half of lot 1, in block 4,
of Haase's Suburban Lots, in the city of Norfolk, and to
which the firm of Westervelt, Hayes & Yost, George N.
Beels, the Chicago Lumber Company, the Norfolk Na-
tional Bank, Valentine Blatz, and Charles Foster were
also made defendants.   A decree was in due time en-
tered awarding to Westervelt, Hayes & Yost a first lien
upon the premises described, by reason of a judgment in
said court against Schwenk, the mortgagor, in the sum of
$131.15; to the plaintiff a second lien, by reason of the
mortgage above described, in the sum of $465.33, and to
the defendant Foster a third lien, by reason of a judgment

against said Schwenk, then of record in said court, for $470.74. The judgment of Westervelt, Hayes & Yost was rendered April 12, 1888, and that of Foster on April 29, 1890, while the plaintiff's mortgage was executed October 10, 1890. The judgment first mentioned is, it is conceded, a lien upon the whole of lot 1 above described, and Foster, in his cross-petition, prayed for an order requiring Westervelt, Hayes & Yost to exhaust the south half of said lot in satisfaction of their said claim before resorting to the property chargeable with both judgments. But the court declined to grant the relief thus sought, which ruling is made the first ground of complaint on this appeal. Courts of equity have long assumed to so marshal assets coming within their jurisdiction as to require a creditor having the right to resort to two or more funds, upon one of which alone another creditor has a junior lien, to first exhaust the funds upon which the latter has no claim. (*Cheesebrough v. Millard*, 1 Johns. Ch. [N. Y.], 409; *Stevens v. Cooper*, 1 Johns. Ch. [N. Y.], 425; *Hayes v. Ward*, 4 Johns. Ch. [N. Y.], 123; *Evertson v. Booth*, 19 Johns. [N. Y.], 486; *Ingalls v. Morgan*, 10 N. Y., 178; Story, Equity Jurisprudence, sec. 633.) Appellees Westervelt, Hayes & Yost, while conceding the foregoing proposition, insist that the case at bar is, upon the evidence adduced, within a recognized exception to the rule stated, viz., that equity will not interfere to control the action of the paramount creditor where the effect thereof will be to materially hinder or delay him in the enforcement of his lien. We are, however, unable to determine that any substantial injury will result to the appellees named by requiring them to first exhaust Schwenk's interest in the south half of the lot in question. In the recent case of *Gotzian v. Shakman*, 89 Wis., 52, which involved a state of facts substantially similar to those here presented, the true test is said to be that applied in *Evertson v. Booth*, *supra*, viz., whether the marshaling of the securities in the interest of the junior lien "will endanger the prior creditor or in the least impair his right

to raise his debt out of both funds." There would be, it is true, some delay as the natural and necessary result of the order sought by appellants, although there will thereby, as said in *Gotzian v. Shakman, supra,* be no diminishing of security. The facts from which the appellees named argue that they would be prejudiced if required to first proceed against the south half of the lot are that Schwenk and wife, on the 1st day of March, 1890, executed in favor of the Farmers Loan & Trust Company two certain mortgages upon the premises last described, to-wit, a first mortgage for $1,500 and a second or commission mortgage for $225; that suit was subsequently brought for the foreclosure of the last mentioned mortgage, to which appellees Westervelt, Hayes & Yost were not made parties, which resulted in a decree of foreclosure, upon which the property therein described was, on the 30th day of May, 1893, sold to the mortgagee above named for the sum of $400, and which sale was in due form confirmed on the 15th day of November, 1893. But a sufficient answer to that argument is that appellees' judgment was recognized as a lien prior to the decree under which the property was sold, and the loan and trust company having purchased subject thereto, is presumed to have assumed the indebtedness thereby represented. It is noticeable, too, from the record that the amount deducted from the value of the premises on account of appellees' judgment was $248.05, whereas the amount due thereon was, as we have seen, $113.15 only. We conclude from an examination of the entire record that the case made is one for the application of the rule above stated, and that the district court should have allowed the order sought by appellant.

It is also contended by appellant that his judgment should have been awarded priority over the plaintiff's mortgage. But for that contention there is no foundation in the record. Lot No. 1 was at all times between the months of January, 1888, and January, 1891, occupied as the homestead of the defendant Schwenk and family.

It is, however, argued that because said lot exceeds in dimensions those in other portions of the city, it is not within the protection of section 1, chapter 36, Compiled Statutes, entitled "Homesteads." There is no question respecting the value of said property, nor is it denied that it corresponds in size to other suburban lots within the same addition, being 118 feet in width by 368 feet in length. The property which the statute exempts as a homestead in favor of the head of a family is 160 acres of land outside the limits of a city or village, or a quantity of contiguous land not exceeding two lots within any incorporated city or village. It is a matter of common observation that city and village lots vary in size, uniformity being the exception rather than the rule, even within the same corporate limits. The term "lot" is, it seems, employed in the statute cited in its popular sense, and denotes the subdivision of a city or village as surveyed and platted. (*Wilson v. Proctor*, 28 Minn., 14.)

For reasons above stated, the order denying appellant's motion is reversed and the cause remanded for further proceeding in the district court not inconsistent with this opinion.

REVERSED AND REMANDED.