CHARLES BEST, APPELLANT, v. GEORGE C. ZUTAVERN ET AL., APPELLEES.

FILED FEBRUARY 2, 1898. No. 7788.

1. **Alimony**: LIEN ON HOMESTEAD: HUSBAND AND WIFE. A judgment for alimony in favor of a wife, rendered in an action for divorce, is a lien on the family homestead, the title whereof is in the husband.

2. **Real Estate**: POSSESSION. Actual possession of land is notice to the world of the possessor's ownership or interest therein.

3. **Executions**: PURCHASE BY APPRAISER OF LAND: SHERIFF'S DEED.

In an action to quiet title, a sheriff's deed made in pursuance of an execution sale will not be canceled merely because the purchaser was one of the appraisers of the land for the purpose of sale, neither actual fraud being charged nor offer made to reimburse such purchaser.

4. Limitation of Actions: DEMURRER. It is ground for demurrer that an action is barred by the statute of limitations only when it affirmatively so appears on the face of the petition.

APPEAL from the district court of Johnson county. Heard below before BABCOCK, J.   *Affirmed.*

*Davidson & Giffen,* for appellant.

*T. Appelget, J. Hall Hitchcock, Griggs, Rinaker & Bibb,* and *L. C. Chapman, contra.*

SULLIVAN, J.

From the petition filed in the district court it appears that Best was the patentee of 160 acres of land in Johnson county, which he occupied with his wife and children from 1863 till 1887. In the latter year his wife sued him for a divorce, which she obtained, together with a judgment for $1,250 alimony, which was made a specific lien on the family homestead and ordered to be paid in installments. Best continued to occupy the land with his minor son, who was dependent upon him for support. When the first installment of alimony became due an execution was issued and forty acres of the homestead sold for its satisfaction. At this sale Zutavern, who had acted as one of the appraisers, became the purchaser. The bid, however, was made by the defendant Shaw, and the title first taken in his name. On the maturity of the second installment of alimony a second execution was issued and another forty of the land sold to satisfy it. Zutavern was also the purchaser of this forty. Afterwards, and while Best was still in possession, Zutavern mortgaged the land to the Smith Bros. Loan & Trust Company and conveyed it by deed to Appelget. Watrous is an assignee of part of the debt secured by the mortgage

to the loan and trust company. The defendants, except Appelget, severally demurred to the petition on the ground that it did not state a cause of action and because the action attempted to be stated was barred by limitation. The demurrers were sustained and, from a judgment dismissing the petition, the plaintiff appeals.

Upon the record two questions are presented for consideration: (1.) Were the execution sales void? (2.) Was the action to quiet title barred by the statute of limitations? Best's possession of the land was constructive notice to the world of his interests therein. (*Uhl v. May*, 5 Neb. 157; *Kahre v. Rundle*, 38 Neb. 315; *Pleasants v. Blodgett*, 39 Neb. 741; *Monroe v. Hanson*, 47 Neb. 30.) Therefore, the other appellees acquired no better title than Zutavern had. By section 26 of the divorce act it is provided that "judgments and decrees for alimony or maintenance shall be liens upon the property of the husband, and may be enforced and collected in the same manner as other judgments of the court wherein they are rendered." (Compiled Statutes, ch. 25, sec. 26.) So, if the judgment for alimony was a lien, the procedure to collect it was authorized and regular. We think it was a lien because the court, having jurisdiction of the parties and authority to adjust their rights growing out of the marital relation, made it so. This action of the court may have been irregular, but it was not void. We think it was a lien for another reason, and that is, that the land was not exempt to Best under the provisions of the homestead law. The husband's right to an exempt homestead cannot, we think, be asserted against the wife who has been forced by his aggression to leave his domicile, and who, in an action for divorce, has obtained a judgment for alimony against him. The homestead law is a family shield and cannot be employed by either spouse to wrong the other. The supreme court of Kansas, under a statute which authorized the court upon granting a divorce to award the wife such share of the husband's real or personal estate as shall be just and reasonable, held that

the court has power to award the wife possession of the family homestead, the title to which is in him. (*Brandon v. Brandon*, 14 Kan. 342.) And, in a later case, it was decided by the same court that a decree which was declared to be a lien on all the husband's realty was a valid lien on the family homestead. (*Blankenship v. Blankenship*, 19 Kan. 159.) The logic of these decisions is that exemption statutes are not designed to protect the husband against the wife's claim for alimony. To the same effect are the cases of *Mahoney v. Mahoney*, 59 Minn. 347, 61 N. W. Rep. 334, and *Daniels v. Morris*, 54 Ia. 369. From these considerations it results that the sale on the second execution was clearly valid. But the other sale was *void. It was made so by the express terms of section 503 of the Code of Civil Procedure, which reads in part as follows: "No sheriff or other officer making the sale of property, either personal or real, or any appraiser of such property, shall, either directly or indirectly, purchase the same; and every purchase so made shall be considered fraudulent and void."

Assuming that the sale of the first tract was void, Best contends that the court should have cleared his title from the cloud created by such sale. In this he is wrong. There is no charge in the petition that the appraisement was fraudulent in fact or even that the valuation fixed was too low. It is not claimed that Zutavern made the appraisement in contemplation of becoming a purchaser, or that he was guilty of any wrongful conduct whatever touching the appraisement or sale. There was no offer to reimburse him; and for this reason the petition fails to present a case for equitable relief. True, in the case of *Goble v. O'Connor*, 43 Neb. 49, it was held that a purchaser at a judicial sale who has chilled bids is not entitled in an action to cancel his deed to the benefit of the rule that "he who seeks equity must do equity." It was there said—and it is the rule everywhere—that the maxim quoted cannot be invoked to protect one from the consequences of his own fraudulent conduct. While this is

the settled rule in cases of actual fraud, it has no application to cases of constructive fraud. (*Ex parte James*, 8 Ves. [Eng.] 351; *White v. Trotter*, 14 S. & M. [Miss.] 30, 53 Am. Dec. 112.)   On grounds of public policy, the statute has disqualified appraisers of real estate taken on execution from becoming purchasers at the sale; and one who becomes such purchaser in disregard of this statutory prohibition is guilty of a constructive fraud and can acquire no title.   He has no standing in a court of law. But, if he be innocent of actual fraud, the owner of the land cannot invoke the aid of a court of equity to cancel his deed without offering to reimburse him.   (*McCaskey v. Graff*, 23 Pa. St. 321.)

Upon the question of the statute of limitations little need be said.   More than four years intervened between the execution sales and the commencement of this action. Consequently, the claim for relief, so far as it pertained to the land last sold, was barred.   When Best discovered the fraud in the first sale of which he complains does not appear.   That an action is barred by limitation is ground for demurrer only when it affirmatively so appears on the face of the petition.   (*Peters v. Dunnells*, 5 Neb. 460; *Hurley v. Estes*, 6 Neb. 386; *Hurley v. Cox*, 9 Neb. 230.)   The judgment of the district court was right and is

AFFIRMED.