FARMERS LOAN & TRUST COMPANY, APPELLANT, V. PETER SCHWENK ET AL., APPELLEES.

FILED APRIL 21, 1898.   No. 7980.

1. **Homestead:** LIEN OF JUDGMENT. Under the exemption laws of this state, a judgment is not a lien on lands occupied as a homestead, where the debtor's interest therein does not exceed $2,000.

2. **Mortgages:** FORECLOSURE: ESTOPPEL. Where, under a decree foreclosing one of two mortgages of equal priority given to plaintiff in one transaction and covering the same lands, the appraisers erroneously deducted from the value of the premises the amount of a judgment as a senior lien, the plaintiff, being the purchaser at the foreclosure sale, cannot be heard, in a subsequent action by him to foreclose the other mortgage, to assert that such judgment was the junior lien.

APPEAL from the district court of Madison county. Heard below before ROBINSON, J. *Affirmed.*

*M. J. Sweeley*, for appellant.

*Wigton & Whitham, contra.*

NORVAL, J.

This was an action to foreclose a real estate mortgage. A decree was entered which subordinated the mortgage

to the lien of the judgment of the defendants Westervelt, Hays, and Yost. Plaintiff appeals from that portion of the decree which adjusted the liens.

The facts are briefly these: On April 12, 1888, the defendants Westervelt, Hays, and Yost obtained a judgment in the district court of Madison county against the defendant Peter Schwenk for the sum of $131.15 and accrued costs, which judgment has been kept alive by the issuance of executions thereon, and no portion thereof has been collected or paid. On March 1, 1890, Peter Schwenk borrowed from plaintiff the sum of $1,500 on five years' time, agreeing to pay six per cent interest on the money, besides a bonus or commission of $225 for making the loan. Schwenk at that time, and as parts of the same transaction, gave his two prom'ssory notes, one for $1,500 and the other in the sum of $225, and secured the payment of each by a separate mortgage upon the south half of lot 1, block 4, in Haas' Suburban Lots in the city of Norfolk, which mortgages were duly recorded. The premises at the time of the rendition of the judgment, until after the delivery of the mortgage, were occupied by Schwenk as a homestead. On August 13, 1891, plaintiff instituted an action against the Schwenks to foreclose the mortgage given it to secure the smaller note, which suit proceeded to decree. An order of sale was issued thereon, the premises were sold to plaintiff thereunder, and a sheriff's deed was issued. To that action Westervelt, Hays, and Yost were not made parties. Schwenk's interest in the lot in question at the time of the rendition of the judgment against him was, and ever since has been, of less value than $2,000. The appraisers, under the order of sale, in determining the interest of Schwenk in the lot, deducted from the value of the premises as found by them the amount of said judgment, interest, and costs, together with the taxes against the lot and the sum due on the $1,500 mortgage, which is sought to be foreclosed herein. Plaintiff at said foreclosure sale purchased the premises for the sum of $400,

subject to said judgment lien, taxes, and the mortgage of $1,500, and is now the owner of the property by virtue of said purchase. It was upon the foregoing undisputed facts that the court below entered its decree; and the single question presented is whether the placing of the judgment lien ahead of this mortgage was erroneous.

It is undisputed that the judgment was obtained a long time prior to the execution of the mortgages, which fact would have made the judgment the senior lien were it not that the premises at the date of the judgment and at all times since were used and occupied by the Schwenks as a homestead. Under the homestead law in force in this state a judgment is a lien alone on the debtor's interest in lands, impressed with the character of a homestead, in excess of $2,000. This principle has been so frequently recognized in this jurisdiction as not to require discussion, or the citation of authorities in its support. As the interest of the judgment debtor in this property at no time exceeded said sum, the judgment in question never was a valid and subsisting lien against the mortgaged premises. The question for determination is whether, under the facts in this case, plaintiff has the right to insist that the judgment is not a lien upon the property and that the mortgage now being foreclosed is the paramount lien? The principle which must control the decision has more than once been announced in the adjudications of this court, as a brief reference to the cases will disclose.

In *Koch v. Losch*, 31 Neb. 625, it was held that where, in making an appraisement of lands at a judicial sale, the amount of a mortgage is deducted from the true value of the property, the purchaser at such sale is not in a position to thereafter deny the validity of such mortgage.

In *Nye v. Fahrenholz*, 49 Neb. 276, it was decided that where a lien junior to that foreclosed was erroneously, by the appraisers, treated as a superior lien, and its amount deducted from the value of the premises in mak-

ing the appraisement, the purchaser cannot be heard, in a subsequent suit to foreclose such lien, to assert that it was junior to that under which he bought.

In *Norfolk State Bank v. Schwenk*, 51 Neb. 146, Post, C. J., in speaking of the sale made under the $225 mortgage involved in the case at bar, said: "This judgment was recognized as a lien prior to the decree under which the property was sold, and the loan and trust company, having purchased subject thereto, is presumed to have assumed the indebtedness thereby represented."

Both mortgages, it is true, were liens upon the premises therein described paramount to that of the judgment, but, in the proceedings to sell under the decree based on the smaller mortgage, the amount of the judgment was deducted as a lien, and plaintiff having purchased at such sale, under the authorities cited, it recognized the judgment as a prior lien. It is conceded by counsel, in argument, if plaintiff had no claim other than its sheriff's deed, and if it was basing its rights on that conveyance, the decisions referred to would be controlling. It is insisted, however, that plaintiff is not claiming anything by virtue of its deed but under the larger mortgage; therefore, such mortgage is not rendered subject to the judgment, on the ground that plaintiff admitted its smaller mortgage was junior to the judgment. It was admitted on the trial in the court below that plaintiff is the present owner of the property by virtue of the sheriff's deed, and that both mortgages were given in the same transaction, and, so far as disclosed, there existed no priority of liens between the mortgages. Plaintiff, therefore, having admitted that one of its said liens was junior to the judgment, it cannot assert the priority of the lien of the mortgage sought to be foreclosed. The decree is right and is accordingly

AFFIRMED.