A. A. JACKSON, ADMINISTRATOR, APPELLANT, V. JASON
L. PHILLIPS, APPELLEE.

FILED DECEMBER 22, 1898.   No. 8539.

1. **Real Estate: CONVEYANCES: CONSTRUCTION.** "In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance, of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true interest of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law." (Compiled Statutes 1897, ch. 73, sec. 53.)

2. ——: ——: ——. Contract upon which this action is predicated determined to be an executory contract for the sale of real estate, and not a lease.

3. **Vendor and Vendee:** Foreclosure of Contract. If default is made in conditions relative to payment of the consideration contained in an executory contract for the sale of real estate, the vendor may treat the contract as a mortgage and enforce it by foreclosure. (*Hendrix v. Barker*, 49 Neb. 369.)

4. **Foreign Administrators:** Actions. An executor or administrator appointed in another state may maintain an action or suit in this state. (*Cox v. Yeazel*, 49 Neb. 343; Compiled Statutes 1897, ch. 23, sec. 337.)

5. **Executors:** Probate Notice. Objections to sufficiency of a probate notice *held* without force in this action, as it could not affect proceedings upon which, through such objections to it, an attack was sought to be made.

7. **Administrators:** Citation: Attack: Parties. The citation or notice of hearing of application for letters of administration cannot be successfully attacked collaterally by one not interested in the estate or in a suit by the administrator against him.

8. **Vendor and Vendee:** Enforcement of Contract: Homestead. An executory contract for the sale of real estate is valid and may be enforced as a security for the payment of the unpaid purchase-money, although not signed by the wife of the purchaser, and the real estate was bought for and immediately occupied as a homestead. (*Prout v. Burke*, 51 Neb. 24.)

9. ———: ———. *Held*, That the evidence warranted findings and decree for the appellant, plaintiff below. Judgment for the defendant vacated, and the cause remanded with directions for decree for plaintiff.

Appeal from the district court of Johnson county. Heard below before Stull, J. *Reversed.*

*S. P. Davidson*, for appellant.

*L. C. Chapman, contra.*

Harrison, C. J.

In this case the appellant alleges for his cause of action the existence of an executory contract for the sale of real estate to which the deceased person, of whose estate he was the administrator, during his lifetime, became a party, and to which the appellee was also a party; that there had been a failure on the part of the appellee to perform his agreements evidenced by said instrument.

The relief asked was a foreclosure as of a mortgage. The appellee in his answer pleaded occupancy of the premises involved in the suit with his family as a home and its consequent homestead character, and the lack of the signature of his wife to the contract upon which the action was predicated; also alleged that the contract declared upon in the petition was a lease, which also contained an agreement on the part of the lessor to sell the leased property to the lessee at a date subsequent to the making of the lease, and that the contract, by reason of the non-fulfillment of some of its conditions, had become ineffective or without further force. There was for the appellant a reply, which was a general denial. The judgment of the court was for the defendant in the action, and the plaintiff has appealed.

The first question presented is relative to the character to be given to the agreement which is the basis of the suit, and in doing this we must give effect to the requirements of section 53, chapter 73, Compiled Statutes 1897, which reads as follows: "In the construction of every instrument creating or conveying, or authorizing or requiring the creation or conveyance of any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true interest of the parties, so far as such intent can be collected from the whole instrument, and so far as such intent is consistent with the rules of law." (*Hervey v. Rhode Island Locomotive Works*, 93 U. S. 664.) The instrument in suit has some direct earmarks of a lease. It contains some terms and expressions which would, taken literally, stamp it as a lease; but when its substance is examined critically, the apparent character of the instrument is destroyed. The arrangement of the consideration in reference to the payment by installments being $60 for each of the four years succeeding the time of the execution of the contract, and $660 at the expiration of the fifth year, the $60 payments being each the one year's interest at ten per cent per annum on the $600, which it seems more than probable

was a principal sum of the consideration for the contract between the parties, furnishes a strong indication of a sale. There is a further strong indication of a sale in the feature of the agreement in relation to a conveyance of the property to the contractee by the contractor on full payment of all sums stated in the contract, as evidenced by the notes. All things considered, we are forced to conclude that the instrument declared upon in the petition was an executory contract for the sale of land. If so, the appellant might, as one of the remedies afforded on default of the other party in the performance of the essential conditions of payment of the consideration, enforce collection in a suit of foreclosure. (*Hendrix v. Barker*, 49 Neb. 369.)

The argument that the appellant could not sue for the reason that his appointment as administrator of the estate of the deceased party to the contract, whom he claimed to represent, was not sufficiently shown, in that the evidence introduced in this connection disclosed no sufficient petition or no petition in application for such appointment in this state, is without force for the reason that the present suit was by the appellant according to the pleading and proof under his appointment by the proper court of the state of California, where such party died, and where the appellant was duly appointed administrator with the will annexed of the estate of the deceased. The will was admitted to probate in this state, but there was nothing shown of any proceedings for the appointment of an administrator, but an administrator or executor appointed in another state may commence and prosecute an action in the courts of this state. (Compiled Statutes 1897, ch. 23, sec. 337; *Cox v. Yeasel*, 49 Neb. 343.)

Objection is made that the notice of the hearing in the county court in this state lacked in what it is asserted was an essential particular. To this it must be answered that the notice introduced in this case did not purport to be of the appointment of an administrator, but of the

projected admission of the will to probate; and further, the question of the sufficiency of a notice of this nature, or of the hearing of application for letters of administration, could not be raised by one not interested in the estate in this collateral action. (Crosswell, Executors & Administrators, p. 140, sec. 252, and cases cited in note 6.)

The question of the homestead right and the lack of the signature of the wife of appellee to the contract cannot enter into this controversy. If the appellee was with his family occupying the property sought to be affected herein at the time of the contract in suit, it was without any title, or at least the evidence before us does not disclose any or by what right such occupancy was of existence, and a homestead right would not arise and attach to the title or interest acquired by appellee under the contract as against the enforcement of the consideration by which the title or interest was so acquired. (*Prout v. Burke*, 51 Neb. 24, and citations therein.)

There was testimony to the effect that the notes which had been given in the transaction which formed the basis of this action were destroyed by the payee. If this was true, the appellee could be accorded no benefit of such act in this suit, for the reason that there was no issue presented by the pleadings under which such defense was available. There was evidence which called for a finding and decree for the appellant as to the amounts of the payments provided for in the notes described in the contract, but of the taxes alleged to have been paid by him there was no proof. It follows from the conclusions reached that the judgment of the district court was wrong. It is therefore reversed and remanded to the district court for the entry there of a decree for the aggregate amount of the notes described in the contract, together with the interest thereon.

REVERSED AND REMANDED.