CHRIS JENSEN, APPELLEE, V. FRANK SHOWALTER, APPEL-
LANT.

FILED JULY 12, 1907.   No. 14,734.

1. **Easements: PRESCRIPTION.** The owners of adjoining lots made an
   agreement to establish an alley or driveway along the division
   line from the road on which their lots fronted down to the point
   where their outbuildings were located, each giving six feet of
   their respective lots for the purpose. The alley was measured
   off and staked, and the parties afterward graded and improved
   their lots with reference thereto, and the owners, with others
   having occasion to do so, used the alley for more than ten years.
   *Held,* That each owner had acquired an easement by prescription
   in that part of the lot of the other included in the alley.

2. ———: ———. An easement by prescription may be acquired in
   a homestead as in other property.

3. ———: ———: PRIOR MORTGAGEE. While an easement in real
   property cannot be granted by the owner thereof so as to affect
   the rights of a prior mortgagee, the party claiming the easement
   has the same rights as any other subsequent incumbrancer. If
   the easement has attached by lapse of time, he must be made a
   party to the foreclosure proceeding, and, if not, the purchaser at
   foreclosure sale must take action to dispute his claimed right
   before the statute has fully run.

APPEAL from the district court for Dodge county: CON-
RAD HOLLENBECK, JUDGE.   *Affirmed.*

*Grant G. Martin* and *R. J. Stinson,* for appellant.

*F. W. Button, contra.*

DUFFIE, C.

Plaintiff and defendant are owners of adjoining prop-
erty in South Side subdivision of section 26, township
17, north, of range 8, east, of the 6th P. M., Dodge county,
Nebraska. The plaintiff claims that in 1893, and while
one Rasmus Nielsen was owner of the property now
owned by the defendant it was agreed between them that
an alley of twelve feet in width should be established

from the highway on the north of their property down for a certain distance through their lots to the place where their barns and outbuildings were established; that of this alley each was to give six feet off from the respective premises owned by them; that said alley was laid out and has been in continuous use by the parties and others having occasion to use it until about the time of the commencement of this action, when the defendant Showalter, who had become owner of the property, attempted to build a fence along the division line of their respective properties, thus closing the alley and making it inaccessible. This action was brought to enjoin the defendant from closing or interfering with the free use of the alleged alley. The district court issued a temporary injunction, which upon the hearing was made perpetual, and the defendant has appealed.

The evidence is quite conclusive that in 1893 the plaintiff and Rasmus Nielsen, who then owned the land of which the defendant is now the owner, agreed to establish an alley 12 feet in width, taking six feet off from each of their respective premises, in order to accommodate them in reaching their outbuildings. They each planted trees on his side of the alleyway and graded their respective lots so as to leave the alley lower than the lots on each side, and constructed a crossing from the street to the alley across the gutter. No written agreement to this effect was made, and an easement by deed is not claimed. It is insisted, however, that an easement by prescription is established by the evidence, and it cannot be denied that, where a parol license to enter upon the land of another has been granted, the use of such land under a claim of right for the statutory period will grow into an easement by prescription. So, also, it has been held in this state that a court of equity will give effect to a parol grant of an easement, where there has been a valid consideration, and where the grant is certain in its terms, and there has been such a performance on the part of the

38

grantee as would, in the case of a contract for the sale of
the fee, take the case out of the statute of frauds. *Gilmore v. Armstrong,* 48 Neb. 92. An easement, being an
interest in real estate, can be acquired only by deed; but,
by user for the statutory time necessary to gain title to
real estate by adverse possession, a grant will be presumed
and an easement by prescription established.

The defendant claims that the agreement between the
parties was a mere license, one to the other, to use their
respective share of the lots in question for an alley for
their mutual convenience, and that such license is revokable by either one at their pleasure. The rule is
well established that, where one enjoys a right of way
under a claim of right, the owner of the land has the
burden of proving that the use of the easement was under
some license, indulgence, or special contract inconsistent
with the right claimed by the other party. *Pierce v.
Cloud,* 42 Pa. St. 102, 82 Am. Dec. 496. In the case we
are considering it was satisfactorily shown by the evidence that in 1893 the plaintiff and Nielsen entered into
a parol agreement to establish an alley to continue for all
time along the division line of their respective lots; each
giving six feet of their own lot for that purpose. At that
time the alley was laid out and staked, and each thereafter improved their lots with reference thereto, and,
here, we might say that we think the district court was in
error in admitting in evidence the testimony of the plaintiff and his wife relating to such agreement; Nielsen
being dead, and the defendant, the present owner of the
lot, being his representative. The agreement, however,
was established by the testimony of Nielsen's wife and
other disinterested third parties, and, as before stated,
is established to our entire satisfaction. The testimony is
clear to the further effect that the alley in question was
used by the parties and by others having occasion to
make delivery of groceries and other articles to the respective parties, and that this continued down to the time
of the commencement of this action in 1905, a period of

more than ten years, the time fixed by our statute to acquire title by prescription. The cases are not uniform that an agreement of this kind, and user for the statutory period, gives to the parties a prescriptive right in the alley, but the great weight of authority is in that direction. In the well-considered case of *Barnes v. Haynes*, 74 Am. Dec. 629 (79 Mass. 188), it was held: "Grant of easement in that portion of passage-way between adjoining lots of land which lies upon the lot of the other owner will be presumed in the owner of each lot, where the way, which extended from a street along and upon the dividing line between the lots and was the only means of access to the back part of either, was used uninterruptedly for twenty years by the owners of both lots, without limit, restriction, interruption, or objection, or any claim or right, except what might be implied from such use, and no mention of any right of way was made in any of the conveyances of any of the lots for a much longer time." In *Rhea v. Forsyth*, 78 Am. Dec. 441 (37 Pa. St. 503), the following was held: "Under parol agreement by owners of adjacent lots, dedicating an alley to the common use of the lots, and in pursuance of which the owners erect their buildings in reference to the alley, the easement becomes appurtenant to each lot, and is not defeated by the statute of frauds, and subsequent purchasers of the lots take the easement as an appurtenance." In *Clark v. Henckel*, 26 Atl. (Md.) 1039, the following was held: "The owner of a lot conveyed part of it, and, in accordance with an oral agreement with his grantee that an alley should be left between their properties for their mutual benefit, one was laid out, half on the property of each, and used continuously by the owners of the property for 35 years. *Held,* That, the agreement having been fully performed on both sides, neither could inclose the part of the alley which had been taken from his property. Use of an alley under a claim of right to the mutual use of the whole alley is adverse to a separate and exclusive right to a part of it by either of the owners of the adjoin-

ing property." In *Wait v. Brock,* 109 N. W. (Ia.) 471,
the supreme court of Iowa said: "Where the true loca-
tion of a boundary line is a matter of some uncertainty,
and for a long time the adjacent owners have made use of
a portion of the strip in dispute as a neutral ground for
an entrance to both lots, substantial justice is done in de-
termining the true boundary by recognizing and confirm-
ing an easement in such portion in favor of the one not
entitled to the ownership thereof."

Defendant cites us to *Wilkinson v. Hutzel,* 142 Mich.
674, in which it was held: "Where the owners of adjoining
lots for mutual convenience established a driveway be-
tween the same, one-half thereof being on each lot, their
acquiescence for a long term of years in such mutual user
of the way did not create title in and to the land of the
other in either party; there being nothing hostile or ad-
verse in such user." In that case it does not appear that
there was any agreement for a permanent right of way
between the lots, while in the case we are considering the
agreement was for a right of way to continue for all
time. A further difference between the cases appears
from the fact that, in the Michigan case, the owner of
one of the lots married a grantee of the other lot and
joined with him in a conveyance thereof, which, it was
held, operated as a revocation of the license to use the
driveway as to purchasers from her of the first named lot.
An exhaustive examination of the cases on the subject
convinces us that the great weight of authority is in favor
of acquiring by prescription a right of way under the
circumstances disclosed in this case, and that the facts of
the case fully warranted the holding of the district court.

Two other objections urged by the defendant may be
briefly disposed of. It was said in argument that the
Nielsen lot was a homestead, and that the agreement made
between Nielsen and the plaintiff was an incumbrance
upon the homestead and void, because not reduced to writ-
ing and signed by both husband and wife. It need only be
said that the claim now made by the plaintiff is the ac-

quisition of a right of way by prescription, and a prescriptive right may be acquired in a homestead as in other property. It is further urged that, at the time of the agreement in 1893, a mortgage existed upon Nielsen's lot, and that the agreement was void as to the mortgagee, who afterwards foreclosed his mortgage and bid in the property, and thereafter conveyed it to the defendant. But the assignee of the mortgage, after he procured the title, built a fence along the line of the alley recognizing its existence, and continued to use it until sold to the defendant. It will not be denied that the mortgagor of real estate may incumber it in any way he sees fit after the making of his mortgage. Such incumbrance is subject to the rights of the mortgagee, and, on foreclosure of the mortgage, the subsequent incumbrancers may be barred of any right interfering with the enforcement of the first mortgage lien. In order to do this, however, the subsequent incumbrancer must be made a party to the foreclosure action, which was not done in this case. At the time of the foreclosure the alley had been established and was being used by the plaintiff. That use has continued up to the time of the commencement of this action without interference or objection, and a prescriptive right to such use has, in our opinion, vested in the plaintiff.

We recommend an affirmance of the decree of the district court.

ALBERT, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is.

AFFIRMED.