HELEN M. SCHROEDER, APPELLEE, v. HAROLD ELY ET AL., APPELLANTS.

73 N. W. 2d 172

Filed November 18, 1955. No. 33754.

*E. Merle McDermott* and *Cunningham & Cunningham,* for appellants.

*A. G. Abbott,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

WENKE, J.

This appeal involves the question of homestead and arises in the same cause of action as was involved in Schroeder v. Ely, *ante* p. 252, 73 N. W. 2d 165. In the decree therein entered it was provided: "* * * that in default of the payment of the same ($56,055) with interest and costs herein taxed to defendants within ninety days from June 25, 1954, that the premises, equipment and chattels hereinbefore referred to be sold by the sheriff as upon execution * * *."

Pursuant thereto and in accordance therewith, no supersedeas bond having been given in the appeal taken from the rendition of that decree and the amount therein found due the plaintiff remaining unsatisfied, the clerk of the district court for Hall County, on September 30, 1954, issued an order of sale to satisfy the amount found due the plaintiff. Thereupon the sheriff for Hall County,

under authority of the decree of the court and pursuant to the directions contained in the order of sale, advertised the property described therein for sale at public auction at 2 p. m. on November 12, 1954, at the north front door of the courthouse in Grand Island, Nebraska.

On October 25, 1954, Harold Ely, one of the defendants, pursuant to and by authority of section 40-105, R. R. S. 1943, filed his application in the office of the clerk of the district court making a selection and asking for a determination of his homestead exemption in the real property being advertised for sale. He asked the court to set aside the following part of the real estate being offered for sale, on which the house in which the Elys dwell is located, and his homestead, to wit: "Part of the Northeast Quarter of the Northeast quarter of Section 33 in Township 11, North, Range 9, West of the 6th P. M. more particularly described as follows: Commencing at a point on the East line of said Section 460.1 feet South from the North East corner of said section, thence in a Westerly direction and parallel with the North line of said Section 222 feet, thence at right angles in a southerly direction 197 feet, thence at right angles in an easterly direction 222 feet to the east line of said North East Quarter and thence in a northerly direction 197 feet to the point of beginning, all in Hall County, Nebraska."

Helen M. Schroeder, the plaintiff, joined issue on this claim and the matter proceeded to hearing and determination pursuant to and in accordance with section 40-108, R. R. S. 1943. The trial court, on November 26, 1954, found the defendants had a homestead in the premises but that it was subject to the lien of the plaintiff and therefore decreed the defendants were not entitled to have a homestead set off to them as exempt. The defendants thereupon filed a motion for new trial and, from the overruling thereof, have perfected this appeal.

We shall herein refer to the appellants as the Elys or as Harold Ely and Faye Ely.

The sheriff proceeded with the sale and on November 15, 1954, made his return showing he had sold the property to appellee for the sum of $40,000. This sale the court confirmed on December 6, 1954, but directed that $2,000 of the amount be reserved and not ordered distributed until after this appeal had been completed.

In their answer in the original action the Elys pleaded: "Defendants further allege that they reside on the said 18 acres whereon the said motel is located and the same is their homestead under the laws of the State of Nebraska." In her reply appellee stated she "Admits that defendants have a homestead right in said motel premises."

We said in Wright v. Lincoln City Lines, Inc., 160 Neb. 714, 71 N. W. 2d 182:

"A party may at any time invoke the language of the pleading of his adversary on which the case is tried on a particular issue as rendering certain facts indisputable; and in so doing he is neither required nor permitted to offer the pleading in evidence.

"An admission made in a pleading on which the trial is had is more than an ordinary admission. It is a judicial admission and constitutes a waiver of all controversy so far as the adverse party desires to take advantage of it, and is therefore a limitation of the issues."

But the issue of homestead was not tried on these pleadings and consequently the foregoing rule has no application.

The Elys bought the 18-acre tract, on part of which the motel was subsequently built, in December 1944 and moved into the house located on the northeast corner thereof and have lived there ever since. It is their homestead within the meaning of section 40-101, R. R. S. 1943. As stated in Hawley v. Arnold, 137 Neb. 238, 288 N. W. 823: " '* * * All that the law requires on the

subject is that the homestead claimant and his family should reside in this habitation or dwellinghouse, whatever be its character, on the premises claimed as a homestead.' (Corey v. Schuster, 44 Neb. 269, 62 N. W. 470.)"

May the Elys select as their homestead a 1-acre tract together with the residence thereon and segregate it from the balance of the 18 acres and hold it exempt against subsequent judgment obtained against them? Generally the answer is yes unless the judgment is obtained for a debt included under the provisions of section 40-103, R. R. S. 1943, provided the tract selected does not exceed $2,000 in value or its segregation does not materially damage the balance of the tract. See §§ 40-101, 40-108, 40-110, R. R. S. 1943. However, there are situations in which a court of equity has and will deny the claim when to do so would be unconscionable. See the cases hereinafter referred to.

"Under the homestead law in force in this state a judgment is a lien alone on the debtor's interest in lands, impressed with the character of a homestead, in excess of $2,000." Farmers Loan & Trust Co. v. Schwenk, 54 Neb. 657, 74 N. W. 1063.

"If the property is not capable of division, it may, in its entirety, then be sold; but from the proceeds of the sale an amount, in lieu of the homestead interest, must be preserved to the debtor. * * * In such a case, the questions to be determined by the court are whether the homestead property is more value than $2,000, and whether it may be segregated from the remainder of the property without material injury." Pohlenz v. Panko, 106 Neb. 156, 182 N. W. 972.

From the evidence adduced we find the tract selected by the Elys to be set aside for a homestead has a value substantially in excess of $2,000 and that its segregation from the balance of the 18-acre tract would materially injure the property as a whole. Consequently Harold

Ely's request to have it set aside as their homestead should be denied.

The trial court found that, under the equitable situation here existing, the Elys should be denied their homestead rights. That equity may do so, in proper cases, has long been held by this court. As stated in Cochran v. Cochran, 42 Neb. 612, 60 N. W. 942: "The district courts of this state, being courts of general equity jurisdiction, are not limited in the exercise of such jurisdiction by statute." See, also, Rhoades v. Rhoades, 78 Neb. 495, 111 N. W. 122, 126 Am. S. R. 611; Lacey v. Zeigler, 98 Neb. 380, 152 N. W. 792; Jones v. Carpenter, 90 Fla. 407, 106 So. 127, 43 A. L. R. 1409.

We have denied such homestead rights in the following situations: Where deeds have been set aside which were given in consideration of an agreement to support for life, McCoy v. Cunningham, 141 Neb. 708, 4 N. W. 2d 835; enforcement of decrees providing for the payment of alimony, Best v. Zutavern, 53 Neb. 604, 74 N. W. 64; where money has been unlawfully taken from another and placed in property that became the homestead, Nebraska Nat. Bank v. Johnson, 51 Neb. 546, 71 N. W. 294; specific enforcement of agreements to convey property for support where property is the homestead, Denesia v. Denesia, 116 Neb. 789, 219 N. W. 142; enforcement of purchase money obligations, either mortgage or contract, Jackson v. Phillips, 57 Neb. 189, 77 N. W. 683; and enforcement of a right by adverse possession, Jensen v. Showalter, 79 Neb. 544, 113 N. W. 202.

Under the circumstances disclosed in this record we do not think appellee is entitled to have the homestead right of the Elys destroyed.

From a consideration of the record as a whole we have come to the conclusion that the Elys are entitled to a homestead interest in the 18-acre tract on which the motel was built. However, because the tract which they selected is in excess of the value of $2,000 and would, if segregated therefrom materially injure the

value of the whole tract, we direct that they be paid $2,000 out of the proceeds of the sale in lieu thereof.

In view of the foregoing we reverse the judgment of the trial court denying the Elys the benefit of their homestead right and direct it to enter a judgment in accordance herewith.

REVERSED AND REMANDED WITH DIRECTIONS.