HENRY NEWMAN, APPELLANT, V. GEORGE MUELLER ET AL., APPELLEES.

1. **Practice:** SETTING ASIDE FINDING. To justify an interference by this court with the finding of a court on the verdict of a jury, the preponderance of evidence (against such finding) must be clear, obvious, and decided. *Fried v. Remington*, 5 Neb., 525, and many subsequent cases.

2. ———: ———. The above rule applies as well to cases brought to this court by appeal, as to those brought on error.

3. **Estoppel in Pais.** Where one by his own words or conduct willfully causes another to believe in a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things, as existing at the same time. *Grant v. Cropsey*, 8 Neb., 205.

APPEAL from the district court of Hamilton county. Heard below before NORVAL, J.

*Austin J. Rittenhouse*, for appellant.

*Hainer & Kellogg*, for appellees.

COBB, CH. J.

This action was commenced in the court below for the purpose of foreclosing a mortgage on real estate executed by the defendants, George Mueller and Sophia Mueller, to one John Raben, who, after maturity, sold, assigned, and delivered the same, together with the note, to secure which the said mortgage was given to the plaintiff. The defendant, Fred. Funke, was made a defendant for the reason that he was the holder of a subsequent mortgage on the same property. The principal defendants made answer in the said cause, setting up the payment in full of the said note and mortgage before the assignment thereof to the

plaintiff. The defendant, Fred. Funke, made his separate answer in said action, in which, after certain admissions and denials and a plea of payment by the defendant, George Mueller, to the said John Raben, while said note and mortgage were owned and held by him, and the setting up of certain notes and a mortgage executed by the said George Mueller and Sophia Mueller upon and covering the same premises as those described in plaintiff's mortgage, the said answer proceeds as follows: " That at the time of the execution and delivery of the notes and mortgage herein declared upon by this defendant, the said John Raben, the then owner and holder of the note declared upon by said plaintiff, and also the said defendant, George Mueller, then and there for the purpose of inducing this defendant to accept notes and a mortgage of the defendants, Muellers, in settlement and satisfaction of a certain account for the sum of $470.20, then due from defendant George Mueller to this defendant, and for the purpose of preventing this defendant from bringing suit upon said account, and attaching the remainder of the property of said defendant Mueller, which this defendant was about to do, did then and there represent to this defendant that said mortgage and note declared upon by the said plaintiff was fully paid except the sum of $95.00 then due thereon, and that said balance of $95.00 would be paid within ten days thereafter by said defendant Mueller, out of the proceeds of the daily sales of a saloon then operated and kept by said defendant, George Mueller. That upon said representations and believing the same and relying thereon, this defendant did forbear to bring suit on his said account, and did settle the same and accepted said notes and mortgage by him declared upon, in satisfaction and settlement of the same, and that within ten days thereafter said balance of $95.00 was paid to said John Raben, and on said note and mortgage declared upon by the plaintiff was then and thereby fully paid and discharged as to this defendant."

The cause was tried to the court on the above two issues —1, On the plea of payment set up by the Muellers, and 2, On the estoppel pleaded by the defendant Funke. On the first issue, the court found for the plaintiff; but on the second, the finding was in favor of the defendant Funke, and it is upon the latter finding and the judgment rendered thereon that the cause is brought to this court by appeal.

Appellant, in his brief, very fairly presents the question involved in the following language: "The question involves two propositions. First, Did John Raben make the statements attributed to him by Funke? Second, If he did, did they as a matter of law operate as an estoppel?"

Under the head of the first inquiry counsel desire to re-open the question as to what effect is to be given in this court to the findings of matters of fact by a trial court in cases brought to this court by appeal, in contradistinction to those brought up on error.

It is conceded by appellant that this court has often held, in effect, as it did in terms in the case of *Fried v. Remington*, 5 Neb., 525, that "to justify an interference by this court with the finding of a court, or the verdict of a jury, the preponderance of evidence must be clear, obvious, and decided," etc., and it is conceded as the doctrine of this court that the above rule applies as well to appeal as to error cases; but we are urged to reconsider our position on that question. While counsel urge us to enter upon this, a work of considerable magnitude, he does not cite us to a single authority to cast a doubt upon the soundness of the the rule of law above stated, nor to its application to appeal cases. But even were we disposed to enter upon a reconsideration of such position, this case affords us no opportunity for so doing. For upon a careful examination of the testimony I find "a clear, obvious, and decided" preponderance of evidence in favor of the finding of the court. There is scarcely a conflict in the testimony of Otto Funke

Mueller, and Jones, to the effect that before the making of the mortgage by Mueller and wife to Fred. Funke there was a figuring up and an examination of memoranda to ascertain the amount then remaining due, owing, and unpaid on the first mortgage on the property from Mueller and wife to John Raben, and that after some contention over a difference of ten dollars it was finally admitted and agreed by John Raben, the then owner and holder of the first note and mortgage, that there was then remaining unpaid thereon the sum of ninety-five dollars and no more. Mueller and Jones agree in their testimony that this sum was afterwards paid. It is true that Mr. Raben, in the main, denies the said figuring up and admission on his part of the amount due on the said note and mortgage. But a careful perusal of his testimony can not fail to convince any one that he himself was not very confident of the accuracy of his own memory of the events of that occasion. And no one could reasonably be expected to believe Mr. Raben's doubting and negative statement in preference to the clear and positive statements of Funke and Mueller, corroborated, in most respects, by the testimony of Jones. Again, it is a strong corroborating circumstance of the truth of General Funke's testimony that it is consistent with his acts immediately thereafter. It was his intention to attach the saloon property and close up the business of Mueller, but immediately after the interview in question, he abandoned that intention, and took the second mortgage on the house and lot. Would he have done this upon the vague and meaningless assurance which Raben admits that he made to him, to-wit: "I told him I had made an arrangement by which they (Mueller and Jones) were going to turn over all the money they could possibly spare, and I thought if they would do that way and keep at that way of paying it over that way; and I says 'If they keep on like they have been the last week or so I will release as soon as they pay my mortgage off I will cancel it and that

will let yours come in?'" Most certainly no business man would.

On the second proposition, to-wit: Did the statements made by John Raben, as attributed to him by Funke in his answer, and the testimony of General Funke, the agent, at the trial, operate as an estoppel? I think they did. It is not deemed necessary to enter into a discussion of the doctrine of estoppel, nor to go out of our own court for authority on this question. In the case of *Grant v. Cropsey*, 8 Neb., 205, this court, by Judge LAKE, say: "The rule has been long and firmly established, that where one by his words or conduct willfully causes another to believe in a certain state of things, and induces him to act on that belief, so as to alter his own previous position, the former is concluded from averring against the latter a different state of things as existing at the same time," citing *Pickard v. Sears*, 33 Eng. Com. Law R., 257. *Davis v. Handy*, 37 N. H., 65. *Merchants Bank v. Rudolf et al.* 5 Neb., 527. We have above seen, when examining the first point, that Raben, the then owner and holder of the first mortgage, by his words induced the agent of defendant Funke to believe that there was but ninety-five dollars still owing on the first mortgage, and that he did it willfully and for the purpose of inducing said agent to desist from his purpose of attaching the stock of Mueller and closing up his business. It is equally true, that by the said means the said defendant Funke was caused to alter his own previous position in respect to his claim against the same Mueller. At that time his said claim consisted of a past due account which he was about to put in suit by attachment. He was induced by the words of the said Raben to change the said account into a number of time notes, some of them running a year before maturity. He was also induced to forego his opportunity to collect his said debt by attachment. The case is thus, without question, brought within the rule laid down in

the case of *Grant v. Cropsey, supra.* Counsel for appellant, in his brief, says that "It is only upon the theory of estoppel that this result could obtain, and every estoppel of this character involves a fraud, and fraud is never established upon slight and unsatisfactory testimony." Admitting, for the purposes of this case, that the above is a correct statement of the law, I think that all of the difficulties suggested are fairly and fully met in this case. I understand the decision of the district court to be squarely put upon the ground of estoppel, and it is upon that ground that this court approves it. There can be no reasonable doubt, I think, that were the plaintiff to succeed in collecting the amount of his claim out of the mortgaged property ahead of the claim of defendant Funke, then his grantor would have perpetrated a fraud upon Funke by means of the said representations, and the proof of such fraud would rest on no slight or unsatisfactory testimony.

The cases cited by counsel to the point that: "The law does not permit the title to rest in parol, nor does it allow anything which is evidenced by deeds to be changed on parol testimony of promises, agreements, or understandings," are from the courts of states where it is held to be the law that the title to real property passes to a mortgagee, and hence have no application here where there is no question of *title* involved.

The judgment of the district court is affirmed.

JUDGMENT AFFIRMED.