WIELHELM VIERGUTZ ET AL. V. AULTMAN, MILLER & COMPANY ET AL.

FILED OCTOBER 15, 1895.    No. 6443.

Estoppel: LIEN OF JUDGMENT: REPRESENTATION AS TO VALID-
ITY.    One S., the owner of land against which a judgment is
an apparent lien, represented to M. that the judgment is a valid
lien and that he would pay the amount due thereon.    M., rely-
ing upon such representations, purchased the judgment.    *Held,*
That S. is estopped from asserting against M. that the judgment
is not a lien.

ERROR from the district court of Wayne county.    Tried below before JACKSON, J.

*George N. Beels* and *W. F. Schoregge,* for plaintiffs in error, cited: *Ferguson v. Kumler,* 25 Minn., 184; *Giles v. Miller,* 36 Neb., 346.

*Mapes & Licey, contra,* cited: *Harrington v. Latta,* 23 Neb., 84; *Grant v. Cropsey,* 8 Neb., 205; *Newman v. Mueller,* 16 Neb., 523; *Betts v. Sims,* 25 Neb., 166; *St. Louis Wrought Iron Range Co. v. Meyer,* 31 Neb., 543.

NORVAL, C. J.

The object of this proceeding is to obtain a review of an order of the district court confirming the sale of a quarter section of land sold upon execution.    The record discloses that on the 8th day of December, 1890, Aultman,

Miller & Co. recovered a judgment in the county court of
Wayne county against Wielhelm Viergutz in the sum of
$185.62, which was subsequently transcripted to the dis-
trict court of the county for the purpose of making the
same a lien upon the real estate of the debtor in the county.
At the date of the filing of the transcript Viergutz owned
160 acres of land in the county, upon which he resided
with his family as a homestead, and continued so to do
until about December 28, 1891, when he sold and conveyed
the tract to Julius A. Sanders, one of the plaintiffs in
error herein, for $2,500. From said sum the purchaser
deducted the amount of all mortgage liens and taxes
against the property and the sum due upon the judgment
aforesaid. The remainder of the purchase price was paid
to the vendor. In August, 1892, Aultman, Miller & Co.
assigned the judgment to Horace McBride, one of the de-
fendants in error, who subsequently caused an execution to
be issued on said transcripted judgment by the clerk of the
district court, which was levied by the sheriff upon the
quarter section in controversy. The land was duly appraised
and advertised, and was sold to D. C. Main. Prior to
the sale Viergutz served a notice in writing upon the
sheriff, claiming the land exempt as a homestead, and, upon
the return of the execution into court, Viergutz and San-
ders objected to the confirmation on the ground that the
land was not liable to sale upon execution, because it was a
homestead when the judgment was obtained and filed and
thereafter until the conveyance to Sanders was made. The
objection was overruled and the sale confirmed. No ques-
tion was made in the lower court, nor is any point here
urged, as to the regularity of the sale, but it is insisted that
the judgment was not a lien upon the land. The evidence
fully establishes that the property was at all times the
homestead of Viergutz so long as he remained the owner
thereof, and that his interest therein above the mortgage
liens was much less than $2,000. Therefore, the judgment

was not a lien upon the property. (*Hoy v. Anderson*, 39 Neb., 386.) Evidence was introduced tending to show that when the conveyance was made to Sanders the amount due upon the judgment was deducted from the consideration and that the purchaser assumed the payment of the judgment. The court found that there was no agreement between Viergutz and Sanders whereby the latter should pay the judgment, and, we think, there is sufficient evidence in the record before us to sustain the finding.

It is argued by counsel for defendants in error that Sanders, the vendee of Viergutz, is estopped from now asserting that the judgment is not a lien upon the land, as against Horace McBride, the purchaser and owner of the judgment. This position is unassailable. The proofs are uncontradicted to the effect that in August, 1892, Aultman, Miller & Co. were threatening to enforce the collection of the judgment against Sanders, and the latter, being then unable to pay it, represented to McBride that he had bought the land and that the judgment was a lien thereon, and he would pay it. Upon these representations McBride was induced to purchase the judgment, he agreeing to extend the time for payment several months. We are constrained to hold that Sanders is estopped from claiming that the judgment was not a valid lien upon the land, although as a matter of fact it was not a lien. (*Kruger v. Adams & French Harvester Co.*, 9 Neb., 526; *Koch v. Losch*, 31 Neb., 625; *Grant v. Cropsey*, 8 Neb., 205; *Newman v. Mueller*, 16 Neb., 523.) The facts constituting the estoppel are well pleaded, and the evidence supports the findings of the court.

Complaint is made in the brief of the admission of incompetent testimony. This objection is of no avail, for two reasons: First, because the point is not raised either in the motion for a new trial or in the petition in error, and second, the hearing was before the court without a jury, and in such case error in the admission of testimony is not

alone sufficient cause for reversal of a judgment by a reviewing court.   This has been too often held by this court to require the citation of authorities in support thereof. The order confirming the sale is

AFFIRMED.