CHARLES BATTELLE, APPELLANT, V. JAMES H. MCINTOSH ET AL., APPELLEES.

FILED OCTOBER 1, 1901.   NO. 10,326.

Commissioner's opinion, Department No. 2.

1. **A Purchase at Judicial Sale is Subject to Liens Deducted from Appraisement.** A purchase of property at a judicial sale at which certain liens have been duly certified and deducted in the appraisement is a purchase subject to such liens, and the purchaser will be estopped from questioning their validity in subsequent proceedings, although he may have paid more than two-thirds of the gross appraisement.

2. **Answer: DENIAL: ADMISSION: TAX-SALE CERTIFICATE.** An answer admitting that a certain certificate of tax-sale set forth in full in the petition was sold, assigned and transferred to the plaintiff and that plaintiff "is now the holder of said certificate," followed by a general denial of the other allegations of the petition, amounts to an admission of the issuance and existence of the certificate so set forth.

3. **The Office of Appeal is the Review of Judgment on Pleadings and Evidence Admitted.** The office of an appeal is only to review the judgment or final order of the district court upon the pleadings and the evidence admitted at the hearing. Review of rulings rejecting evidence must be sought by petition in error.

APPEAL from the district court for Douglas county. Heard below before SCOTT, J. *Reversed.*

*Charles Battelle,* for himself.

*Ralph W. Breckenridge,* also for appellant.

*James H. McIntosh, contra.*

POUND, C.

This is an appeal from a decree dismissing a petition for the foreclosure of certain tax liens. The record is in a most unfortunate condition, since the trial judge, conceiving that the tax-sale was void and that the taxes in question were illegal, rejected the greater part of the evidence offered by the plaintiff, and failed to rule upon or held his rulings "in abeyance" with respect to much of the remainder. Under such circumstances, it has been necessary to search a voluminous record with some little patience in order to ascertain what questions are fairly before this court.

The first point made by appellant, to the effect that defendants are estopped to question the existence or validity of the tax liens is, in our opinion, well taken. It is pleaded and appears in evidence that the defendant James H. McIntosh purchased the property at a judicial sale at which the taxes in question had been duly certified and deducted in the appraisement as liens upon the property. The only reason advanced why this fact should not operate as an estoppel is that the purchaser bid more than two-thirds of the gross appraised value of the property. We do not think that this fact alone would prevent an estoppel from arising, nor has counsel suggested to us why it should do so. The price paid was considerably less than the gross appraised value and was based, as far as the evidence disclosed, upon the appraisement. We think that a purchase under such circumstances must be presumed to be subject to the liens deducted in the appraisement. Presumably there were bidders present at the sale, and the property

would have brought its full and fair value had it not been for the supposed liens. That the purchaser might have bought for less under the appraisement, had there been no one else to bid, does not alter the situation. The case appears to come squarely within the well settled rule that one who purchases subject to a lien can not question its existence or validity in subsequent proceedings. *Arlington Mill & Elevator Co. v. Yates,* 57 Nebr., 286; *Farmers Loan & Trust Co. v. Schwenk,* 54 Nebr., 657.

Conceding, however, that defendants were estopped to deny the existence and validity of the tax liens, the question still remains whether appellant has shown himself entitled to assert them. He claimed under a certificate of tax-sale and by virtue of payment of subsequent taxes and municipal assessments for its protection. The defendants assert that the evidence admitted by the trial court fails to show a sale to plaintiff's assignor, but on the contrary, shows a sale to one Garske, and that all evidence as to the payment of subsequent taxes and assessments was excluded. With respect to the first contention, appellant is placed in an awkward situation by the action of the court in rejecting the treasurer's certificate of tax-sale. But we think such certificate is before us and may be considered by reason of admissions in the answer. The second paragraph of the petition sets out the certificate *in hæc verba*. The third paragraph alleges that after its issuance "said tax-certificate" was sold, assigned and transferred to the plaintiff and that plaintiff "is now the holder of said certificate." The answer admits "each and all the allegations of the third paragraph of the plaintiff's petition," following such admission by a general denial of the remainder. The "said certificate," which is thus admitted to have been sold and transferred and to be held by the plaintiff, is the one set out in full in the second paragraph, to which reference is clearly made in the paragraph admitted by the answer. Hence the admission in question amounts to an admission of the issuance and existence of the certificate set forth in the petition. *State v.*

*Hill,* 47 Nebr., 456, 497, and cases cited. The statute makes this certificate, which the defendants admitted in their pleading, presumptive evidence of the regularity of all prior proceedings (Compiled Statutes, ch. 77, art. 1, sec. 116), so that, in view also of the general presumption in favor of official acts, the burden of showing a sale to Garske, or some one other than the person to whom the treasurer issued the certificate, would be upon the defendants. We do not think they have done so. The treasurer's clerk made a memorandum of a sale to Garske at the time, and made a return that he had sold to the latter. But he testifies that he knew Garske was bidding for and on behalf of Baer, plaintiff's assignor, and made the memorandum and return as he did because he did not know what Baer's wishes were as to the person to whom the certificate should run. He issued the certificate to Baer, and it does not appear that Garske ever claimed it or that a certificate was ever issued to him, while the officials in the treasurer's office make it clear how it happened that the memorandum and return contain Garske's name instead of Baer's. As the defendants are estopped to question the lien of the county for taxes, and plaintiff's assignor became entitled to assert such lien by reason of payment of the taxes named in the certificate (*Adams v. Osgood,* 60 Nebr., 779), it follows that a decree of foreclosure should be rendered therefor.

With respect to the subsequent taxes and municipal assessments alleged to have been paid under the certificate, the case is very different. As to these also, defendants are estopped to question the validity of the liens of the county and city. But the plaintiff could not assert such liens except upon showing that he had paid such taxes and assessments and become subrogated to the rights of the public. The answer denied that these payments had been made, and the trial court rejected all evidence by which they were sought to be established. It is very clear from inspection of the record that the theories upon which these rulings were made were erroneous in view of *Adams v.*

*Osgood,* 60 Nebr., 779, and *Chicago, B. & Q. R. Co. v. Nemaha County,* 50 Nebr., 393. But we can not review them in the present proceeding. The office of an appeal is only to review the judgment or final order of the district court upon the pleadings and the evidence admitted at the hearing. Review of rulings rejecting evidence must be sought by petition in error. *Zimmerman v. Zimmerman,* 59 Nebr., 80.

It is recommended that the decree be reversed and the cause remanded with directions to render a decree of foreclosure for the amount of the certificate set forth in the petition and interest thereon at the rates fixed by law.

SEDGWICK and OLDHAM, CC., concur

By the Court: For the reasons stated in the foregoing opinion the judgment of the district court is reversed, and cause remanded with directions to render a decree of foreclosure for the amount of the certificate set forth in the petition and interest thereon at the rates fixed by law.

REVERSED AND REMANDED.

SULLIVAN, J., absent, not voting.