EQUITABLE TRUST COMPANY, APPELLANT, v. CITY OF OMAHA, APPELLEE.

FILED JUNE 3, 1903. No. 12,067.

1. **Execution Sale: APPRAISEMENT: ESTOPPEL.** While a purchaser at an execution sale takes the real interest of the debtor, and is not necessarily concluded by the appraisement, yet, where the amount of a tax lien, which has not been mentioned or included in the decree, has been deducted from the gross appraised value of the property by the appraisers, and the purchase is made for less than two-thirds of the gross appraised value, upon the assumption that such taxes are a valid lien, the purchaser, taking advantage

of the deduction thereof, will be presumed to have undertaken to pay such taxes, and will not be heard to deny their validity in an equitable proceeding seeking to enjoin their collection.

2. **Pleadings and Judgment.** Pleadings examined, and *held* that the judgment thereon was properly entered.

APPEAL from the district court for Douglas county: JACOB FAWCETT, DISTRICT JUDGE. *Affirmed.*

*William A. Saunders, Frank H. Gaines, J. H. Kelby, John A. Storey* and *George C. Martin,* for appellant.

*James H. Adams* and *Charles E. Morgan, contra.*

KIRKPATRICK, C.

Appellant filed in the district court for Douglas county its petition in equity, pleading that it was the owner and in possession of lots 3 and 4, in block 261, in the city of Omaha; that certain paving and curbing taxes laid by the city of Omaha were illegal and void for many reasons pleaded; and that certain general taxes for the years 1892, 1893, 1894, 1895, 1896 and 1897, were also illegal and void, and praying that such taxes be decreed null and void, and to be no lien upon appellant's property, that the title be quieted in appellant, and that the city of Omaha, together with its servants, officers, etc., be enjoined from collecting or attempting to collect any of such taxes. To this petition the city of Omaha, in answer, pleaded in part as follows:

"Defendant further admits that the property described in the plaintiff's petition is situated in the paving districts therein mentioned. Defendant admits that the various ordinances in said petition set forth, were duly passed by the city council of the city of Omaha, and approved by the mayor thereof, on the dates alleged in said petition. Defendant admits that the city claims a lien of the special and regular taxes as stated. Defendant admits that the Equitable Trust Company is the owner of the property described in its petition as lots 3 and 4, in block 261, and in

that behalf alleges that it secured title to said property, namely, lots 3 and 4, by and under a sheriff's deed issued by the sheriff of Douglas county, Nebraska, in pursuance of the order of confirmation in the case of *Equitable Trust Company v. Katherine Zimmerman*, docket 54, page 320, of the records of the district court for Douglas county, Nebraska. This defendant further shows that said suit in the district court for Douglas county was brought for the purpose of foreclosing the mortgage upon the property in plaintiff's petition in said suit set forth, and that from the appraised value of said property as found by the sheriff and freeholders there was deducted by the sheriff at the request of plaintiff, the Equitable Trust Company, the county and city taxes then due and delinquent upon said property; that said property was appraised at the sum of $15,000, and that there was deducted from said appraisement, county taxes amounting to $121.12 on lot 3, and $160.16 on lot 4, and regular and special city taxes as follows:" etc.

It is then pleaded that on lot 3 there were regular and special city taxes due, amounting to the sum of $867.76, setting such taxes out in detail; that upon lot 4 there were due regular and special city taxes, amounting to the sum of $1,281.23, which were set out in detail. It is then pleaded:

"That after deducting the said county taxes, and the said regular and special city taxes, there remained a net appraisement of $5,511.12 on lot 3, and $7,058.61 on lot 4, described in plaintiff's petition, or a total net appraisement on the two lots of $12,569.73; that the plaintiff, at the foreclosure sale under said appraisement, did upon the 8th day of February, 1898, bid the sum of $9,205 for the said two lots, and the said property was thereupon sold to the said plaintiff for the said amount, and said sale was duly confirmed by the district court for Douglas county, Nebraska, at its February, 1898, term, and a deed ordered made to the purchaser, and that under said order the sheriff of Douglas county issued a deed to the property in

controversy in this suit to the Equitable Trust Company. The defendant further shows to the court that in making said bid, the said Equitable Trust Company deducted from said appraisement the special taxes in controversy in this suit, together with all the regular taxes in controversy herein, and that in said bid the said plaintiff took advantage of all said taxes in controversy in this suit, and that without the deduction of said taxes and assessments, the plaintiff's bid was not two-thirds of the defendant's interest in said property; and the defendant submits to the court that the plaintiff, having taken advantage of said taxes, and deducting them as valid liens in said foreclosure suit, is and ought to be estopped from contesting the validity thereof in this action. Defendant denies each and every allegation in said petition contained except as herein admitted to be true. Further answering said petition, defendant alleges that all of said proceedings with reference to said paving and curbing, and the assessment and levy of said regular taxes were fully known to plaintiff, who had actual knowledge thereof and of the laying of said paving at the time."

For reply to this answer of the city of Omaha, appellant pleaded as follows:

"Now comes the plaintiff, and for reply to the amended answer of the defendant filed herein on December 17, 1900, admits that the title of the plaintiff to the premises described in the petition is based upon the foreclosure proceedings in the case of Equitable Trust Company v. Katherine Zimmerman, docket 54, page 320, of the records of the district court for Douglas county, Nebraska, as alleged in the defendant's answer.

"This plaintiff denies that it requested the sheriff to deduct the county and city taxes and special assessments from the appraised value of lots three (3) and four (4), in block two hundred sixty-one (261) of the city of Omaha, Douglas county, Nebraska, but plaintiff admits that the sheriff did deduct all the taxes both regular and special in controversy herein from the appraised value of said property, and that plaintiff's bid and the said appraisement

and deductions are correctly set forth in defendant's answer.

"This plaintiff also denies that it is in any way estopped to maintain this suit or to contest the validity of the taxes described in the petition.

. "The plaintiff also denies that it had any knowledge, until within the past year, of the defects of the assessment or tax proceedings, or had any knowledge that the paving or curbing was being constructed in a manner contrary to law.

"Plaintiff alleges that in the case of Equitable Trust Company v. Zimmerman, 54-320, mentioned in the answer of the defendant, the treasurer of said defendant represented to the sheriff of Douglas county, Nebraska, prior to said sheriff's sale, that there was a large amount of general and special taxes unpaid upon the property described in the decree in said case, all of which he represented to be valid liens, and all of which he certified as liens to the said sheriff, as shown by the certificate attached to the copy of the appraisement in said cause. That the city treasurer, and the city of Omaha, at said time well knew that all said general and special taxes set forth in said certificate were invalid, void and no lien on said real estate, on which statement and certificate the sheriff and plaintiff wholly relied; that the plaintiff at the time of said sale and ever since said time, and until December, 1899, did not know that the said representations and certificates of the treasurer were false and untrue; that the sheriff would not have deducted the items of alleged taxes had not the said treasurer certified them to be valid liens. That the said real estate was appraised at $15,000 before deducting any alleged taxes; that the amount due plaintiff under its decree was over $10,100, which amount the plaintiff could have bid for the property; that the plaintiff did not then and does not now claim any deficiency. That by reason of said representations and false certificate of the city treasurer the plaintiff did not bid as much as it otherwise would, and the plaintiff was thus misled to its injury. On

account of all the above, the plaintiff alleges that the defendant should be estopped from pleading or proving an estoppel against the plaintiff, by reason of the deduction from the appraised value of the invalid general and special taxes, which the treasurer certified to be valid liens.

"That the sheriff in making said sale did not act as the agent of the plaintiff and the action of the sheriff in relation to the appraisement and sale were not under its contract, but the said sheriff acted under and by direction of the court."

The city of Omaha then filed a motion for judgment upon the pleadings. No evidence having been offered by either party, the trial court thereupon found that appellant had treated the taxes as valid and real in causing them to be deducted from the appraised value of the interest of the defendant in its foreclosure suit, and that appellant would not be heard in a court of equity to allege that the taxes were invalid, or entitled to an injunction restraining their collection on the ground of their invalidity. Appellant's bill was thereupon dismissed for want of equity.

Appellant was plaintiff in the foreclosure proceedings and was the purchaser at the sheriff's sale. It purchased the property for $9,205, which was $795 less than two-thirds of the gross appraised value. Appellant made no objections to the appraisal, but took advantage of the deduction of the taxes, and purchased the property at much less than the gross appraisement. Appellant, in effect, said to the defendant in the case, the owner of the lots, that the taxes were valid and it would therefore have them deducted from the appraised value, and retain in its hands sufficient money to pay them. Its purchase was made upon this condition. This is, in effect, a contract, by the terms of which appellant retains out of the purchase money a sufficient amount to pay the taxes, and agrees to pay them. This is in the nature of a contract which accrues to the benefit of a third party, namely, the city of Omaha. If appellant does not propose to pay the taxes in question, what does it propose to do with the money it has withheld

from the owner of the land? The taxes were presump-
tively valid, and the owner of the property was at least
under moral obligations to pay them. Appellant obtained
title on the assumption that the taxes were valid, and there-
fore properly deducted by the appraisers. The owner of
the premises relied upon this, and appellee herein has a
right to rely upon it. Appellant having taken the position
that the taxes were valid, will not now be permitted, after
acquiring title, to change its position and question their
validity. This would be to permit appellant to perpetrate
a fraud, not only upon the prior owner of the property,
but upon appellee as well. If appellant, upon its discovery
that the taxes in question were void, had tendered to the
owner of the property the sum of $795, the amount of its
bid less than two-thirds of the gross appraised value of the ·
property, and had said to him: We kept out $795 of the
appraised value of your interest for the purpose of paying
the taxes, which were an apparent lien upon this property
due to the city of Omaha, but we have now discovered that
those taxes are wholly void, and not a lien upon the prop-
erty, and you are therefore entitled to the money, then, ap-
pellant, with clean hands, might have come into a court of
equity and obtained relief. But the fact that the taxes were
·deducted from the gross appraised value and were treated
by appellant as valid and subsisting liens upon the prop-
erty, raises a presumption that appellant promised, agreed
and intended to pay the taxes, and it will not now be per-
mitted by a court of equity to take advantage of its own
wrong, retain the money which it deducted from the actual
interest of the owner of the land, and decline to pay the city
the amount of the taxes. While a party at an execution
sale takes the real interest of the debtor, and is not
necessarily concluded by the appraisement, yet, where the
amount of a tax lien not mentioned or included in a decree,
has been deducted from the appraised value of the debtor's
interest, by the appraisers, and the purchaser, assuming
that the taxes are valid, takes advantage of the deduction
thereof, he will be presumed to have agreed with the judg-

ment debtor that he will pay the taxes so deducted. To permit appellant to defeat the taxes, in this case, would be to permit it to acquire a much larger estate than it bargained for. The finding and judgment of the trial court seem equitable, and it is accordingly recommended that the same be affirmed.

HASTINGS, C., concurs.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.

SULLIVAN, C. J.

For the reasons stated in *Hart v. Beardsley,* 67 Neb. 145, I dissent from the opinion and judgment.