OMAHA LOAN & TRUST COMPANY ET AL., APPELLANTS, V. CITY OF OMAHA ET AL., APPELLEES.

FILED MAY 5, 1904.   No. 13,533.

Judicial Sale: ESTOPPEL. A purchaser at a judicial sale of lands offered subject to apparent liens, who makes no attempt to have the priority, validity or amount of the latter otherwise adjudicated until after confirmation and conveyance, is estopped to impeach them.

APPEAL from the district court for Douglas county: IRVING F. BAXTER, JUDGE.   *Affirmed.*

H. W. *Pennock,* for appellants.

W. H. *Herdman, contra.*

AMES, C.

Appellants were purchasers at mortgage foreclosure sale of three tracts of land situate in the city of Omaha. The sheriff's appraisers deducted from the gross value of each tract, as found by them, a certain sum as being a lien thereon in favor of the city, because of a special assessment and levy to defray the cost of local improvements.   After procuring confirmation and conveyances pursuant thereto, appellants brought this action to perpetually enjoin the city from enforcing the collection of the taxes, for the alleged reason that the tax proceedings were in violation of law and void.   Two of the tracts were purchased for slightly more than two-thirds of the gross amounts of the appraisements respectively, and the other for two-thirds of that amount less the assumed amount of the tax lien.   There was a judgment for the city with respect to all.   Appellants try to distinguish in principle between the purchase of the former two lots and that of the latter, because, as counsel urges, although it may be said to have been advantaged or benefited by the deduction in one instance, it was not so in the other.   But this very point was decided otherwise, and we think rightly so, in *Battelle v. McIntosh,* 62 Neb. 647.   The two principal objects of the appraisement law are to protect the judgment debtor from spoliation by the forced sale of his property below its fair value, and to inform the judgment creditor of the existence and amounts of apparent prior liens upon it, so that he may not unwittingly bid for it more that it is worth; but neither of them dispenses with or affects the rule of *careat emptor* as applied to purchasers at judicial sales.   If the purchase is made at more

than two-thirds of the amount of the "net appraisal" as it is called, that fact, by itself, indicates nothing but that the bidder believes the gross appraisement to be below the unincumbered value of that which he is buying. Presumably, in such cases, he reappraises the land in his own mind, and bids for it what he believes it to be worth, subject to the prior liens appearing upon the face of the record. He has thus had all the advantage of the appraisement and notice he could have otherwise had, and no injustice has been done him. For the rest, appellants attack the long settled rule, that a purchaser at a judicial sale of lands, offered subject to apparent liens disclosed by the appraisement, who makes no attempt to have the priority, validity or amount of the latter otherwise adjudicated, until after confirmation and conveyance, is estopped to impeach them. Decisions enforcing this rule are very numerous, extending through the past 13 years. *Koch v. Losch,* 31 Neb. 625; *Viergutz v. Aultman, Miller & Co.,* 46 Neb. 141; *Nye & Schneider Co. v. Fahrenholz,* 49 Neb. 278; *Norfolk State Bank v. Schwenk,* 51 Neb. 146; *Farmers' Loan & Trust Co. v. Schwenk,* 54 Neb. 657; *Peterborough Savings Bank v. Pierce,* 54 Neb. 721; *Arlington Mill & Elevator Co. v. Yates,* 57 Neb. 286.

It would be an unprofitable task to attempt to reexamine the principles by which the foregoing decisions are thought to be justified. The court has recently done so and found them satisfactory. It should be sufficient to say that they have long since acquired the character of a rule of property, and, if their operation is considered unjust, the legislature is the proper forum in which to seek remedy. The assumption by appellants' counsel that these decisions, or any of them, are overruled, or in any wise shaken, by the opinion of this court in *Hart v. Beardsley,* 67 Neb. 145, is wholly unwarranted. The principles by which they are governed are not involved in that case, and the then Chief Justice, SULLIVAN, in writing the leading opinion, paused to refer to them only for the purpose of stating that fact. The present Chief Justice, HOLCOMB,

prepared a concurring opinion, for the sole purpose, as appears, of declaring and emphasizing the intention of the court to adhere to them in all future cases to which they shall be applicable. Judge SEDGWICK also wrote a concurring opinion, in which he set forth, briefly, some of the conditions and qualifications upon which he supposed their applicability to depend, none of which he deemed pertinent to the case then under discussion. In *Omaha Savings Bank v. City of Omaha*, 4 Neb. (Unof.) 563, and *Equitable Trust Co. v. City of Omaha*, 69 Neb. 342, the rule in question was again recognized and enforced, although the attention of the court was expressly called to *Hart v. Beardsley, supra*, by Chief Justice SULLIVAN, in a paragraph by which he dissented, without, however, stating his reasons for so doing beyond a bare reference to the case last mentioned.

Counsel for the appellants seeks to distinguish between this case and those cases in which it is attempted to enforce alleged liens as incidental or collateral to personal obligations. It seems to the writer that such a distinction would be reasonable and just. The existing rule may often sacrifice the property of fiancially embarrassed, and therefore helpless, debtors for the satisfaction of illegal demands from which their more fortunate, because wealthier, neighbors will escape without difficulty. But we suppose this phase of the matter to have been hitherto considered by the court as insufficient to warrant the modification suggested, and that it is not worth while to pursue the subject. We therefore conclude that the contentions of the appellants have been deliberately and finally discredited by this court, and that their further discussion would be bootless.

It is recommended that the judgment of the district court be affirmed.

HASTINGS and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing

opinion, it is ordered that the judgment of the district court be

AFFIRMED.