STATE OF NEBRASKA, APPELLEE, V. SEVERAL PARCELS OF
LAND; W. K. POTTER, RECEIVER, APPELLANT.

FILED JANUARY 3, 1906.   No. 14,373.

Judicial Sale: APPRAISEMENT: LIENS: ESTOPPEL. The deduction of an
apparent prior lien in the appraisement of real estate for the
purpose of a judicial sale is not conclusive as to the validity
of such lien or the priority thereof, but where such appraise-
ment, as returned by the sheriff, shows a lien apparently prior
to the lien under which the premises are to be sold and that
such lien was, in fact, treated as prior and valid by the ap-
praisers in determining the interest of the defendant in the
premises, and where the status of such apparent lien has not
been judicially determined, one who purchases at the sale,
without questioning the validity or priority of such apparent
lien, is thereafter estopped from so doing.

APPEAL from the district court for Douglas county:
ALEXANDER C. TROUP, JUDGE.  *Affirmed.*

*H. W. Pennock*, for appellant.

*John P. Breen* and *W. H. Herdman, contra.*

JACKSON, C.

The state, as plaintiff, proceeding under the provisions
of the law commonly known as the "Scavenger Act," insti-
tuted an action to enforce the collection of delinquent
taxes and special assessments alleged to have been levied
and assessed against property situated in the city of
Omaha.  William K. Potter, as receiver of the Omaha Loan
& Trust Company, answered the petition, setting out title
in the Omaha Loan & Trust Company, and alleging certain
facts showing irregularities in the special assessments in-
volved, by reason of which it is claimed that such special
assessments are void.  The state replied, alleging that the
title of the Omaha Loan & Trust Company was acquired
and held through a chain of conveyances beginning with a
sheriff's deed, issued pursuant to a judicial sale had in a

35

foreclosure proceeding, wherein, for the purpose of the sale, the sheriff conducting the same, in the appraisal of the real estate, secured from the county and city treasurer certificates of taxes and special assessments upon the real estate, showing the taxes and special assessments involved in this controversy to be a prior incumbrance, and that the amount so certified was deducted by the appraisers from the gross value of the real estate as found by them, and that the purchaser, by reason thereof, acquired title subject to such taxes and special assessments, and that such purchaser and his grantees, including the defendant, are estopped from now denying the validity of such taxes and assessments. The trial court found the issues in favor of the state and entered a decree establishing the validity of the taxes and assessments. The defendant appeals, and, while tacitly conceding the correctness of the rule that a purchaser at a judicial sale, under an appraisal where liens were actually deducted from the gross value, may not afterwards question the liens so deducted, claims that the taxes in controversy were not deducted in the appraisal.

The decree entered in the foreclosure proceeding, through which the defendant's title was acquired, established the validity of a prior mortgage of $1,200, not foreclosed in that action, and directed that the real estate should be sold subject to that mortgage. The appraisal of the real estate, as originally returned by the sheriff, omitting the formal parts, fixed the value of the premises at $1,100 and found the prior incumbrances to be: "Taxes as per city and county treasurers' certificates—city, $152.68; county, $15.51; total, $168.19." The total amount was deducted from the sum of $1,100, and the interest of the defendants in the premises was found to be $931.81. Upon the return of the appraisal, counsel for the plaintiff in that proceeding moved that the appraisal be corrected by deducting the amount of the prior mortgage, as established by the decree under which the sale was to be made. Upon this motion the court made the following order: "This cause came on to be heard upon the motion of the plaintiff

for an order instructing the sheriff to correct and amend the appraisal heretofore made in this cause and to amend a copy thereof filed therein, and was submitted to the court, on consideration whereof, the court sustains said motion. It is therefore ordered that the sheriff be, and he is, hereby instructed to amend the appraisal and copy thereof of said real estate, by deducting from the gross appraised value the amount of the prior mortgage, as provided in the decree in which the sale is to be made." And thereupon the sheriff amended both the original appraisement and the copy, by adding under the head of prior incumbrances, mortgage as per decree, $1,200, and changing the total of the prior incumbrance from $168.19 to $1,368.19, and changing also the finding of the value of the interest of the defendants in the premises, which in the original return read, "the interest of defendants we value at $931.81," so that the corrected return reads, "the interest of the defendants we value at nothing," at the same time making a memorandum, both on the appraisement and the copy, as follows: "Correction made by order of court." The premises were sold to a grantor of the appellant and the sale confirmed.

As we understand the claim of the appellant it is that, the court having ordered the appraisement to be corrected by deducting $1,200, the amount of the prior mortgage, from the appraised value, which was fixed at $1,100, first, after such deduction was made nothing remained from which the taxes could be deducted; and second, that the order correcting the appraisal amounted to a direction that nothing but the $1,200 prior mortgage should be deducted, and that therefore, in the corrected appraisement, the taxes were not deducted, and no estoppel arises. We cannot agree with this contention. The statute requiring the appraisement of real estate about to be sold upon execution provides: "That for the purpose of the appraisement mentioned, * * * the officer and the freeholders therein named shall deduct from the real value of the lands and tenements levied on the amount of all liens and incum-

brances for taxes or otherwise, prior to the lien of the judgment under which execution is levied." Code, sec. 491b. To enable the appraisers to do so it is provided: "It shall be the duty of the county clerk, the clerk of the district court, and the county treasurer of the county and the treasurer of the village, town or city, wherein such levy is made, for the purpose of ascertaining the amount of the liens and incumbrances upon the lands and tenements so levied upon, on application of the sheriff in writing, holding such execution, to certify to said sheriff, under their respective hands and official seals, the amount and character of all liens existing against the lands and tenements levied on, which are prior to the lien of such levy, as the said liens appear of record in their respective offices." Code, sec. 491c. It is evident that the course contemplated by the statute to be followed by the appraisers is to add together all the prior liens as shown by the certificates, and deduct the sum of such liens from the total value of the premises by them appraised, for the purpose of ascertaining the interest of the defendants. The appraisement returned by the sheriff, as amended by him under the direction of the court, conforms to the provisions of the statute, and leaves no doubt about the deduction of the lien in dispute as a prior incumbrance. One purpose of the appraisement is to advise the purchaser at the judicial sale of the amount of the prior incumbrance, so that he may not unwittingly bid for it more than it is worth. *Omaha Loan & Trust Co. v. City of Omaha*, 71 Neb. 781. The procedure contemplated by the statute accomplished that purpose. We do not think that the order of the court is susceptible to the narrow construction placed upon it by counsel for appellant. The appraisement, as originally returned by the sheriff, omitted the item of prior incumbrance fixed by the decree of foreclosure, but contained those items not involved by the decree or in the foreclosure proceedings, until that stage of the proceeding was reached which required the appraisement to be made. The sheriff doubtless proceeded upon the erroneous theory that it was unnecessary to consider

the item of prior incumbrance fixed by the decree, and the attention of the court having been called to that fact, it was adjudged that the sheriff correct the error and deduct the omitted item. The language of the order correcting the error in the appraisement is not susceptible of a construction prohibiting the deduction of the items already appearing in the return.

The rights of purchasers at judicial sales with reference to apparent prior liens have been repeatedly litigated in this jurisdiction. The cases are compiled in the concurring opinion of HOLCOMB, C. J., in *Hart v. Beardsley,* 67 Neb. 145, and *Omaha Loan & Trust Co. v. City of Omaha, supra,* and in the determination of this case have again been considered in consultation, and the following rule deduced as being in perfect harmony with our former holding. The deduction of an apparent prior lien in the appraisement of real estate for the purpose of a judicial sale is not conclusive as to the validity of such lien or the priority thereof, but where such appraisement, as returned by the sheriff, shows a lien apparently prior to the lien under which the premises are to be sold, and that such lien was in fact treated as prior and valid by the appraisers in determining the interest of the defendant in the premises, and where the status of such apparent lien has not been judicially determined, one who purchases at the sale, without questioning the validity or priority of such apparent lien, is thereafter estopped from so doing.

The record does not disclose that the validity of the lien in suit was ever questioned prior to the institution of this action, and we conclude that within the rule announced the appellant is now estopped from questioning its validity, and we recommend that the decree of the court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.