State v. Several Parcels of Land.

STATE OF NEBRASKA, APPELLEE, V. SEVERAL PARCELS OF LAND, APPELLANT.

FILED DECEMBER 7, 1906. No. 14,482.

Judicial Sales: APPRAISEMENT: ESTOPPEL. A purchaser at a judicial sale, at which certain apparent liens have been duly certified and deducted in the appraisement, is a purchaser subject to such liens, and is estopped, after confirmation without objection, to dispute their validity, and this rule is equally applicable to the judgment plaintiff and to strangers. A stipulation that the supposed liens are in fact void is not, without more, a waiver of the estoppel.

APPEAL from the district court for Douglas county: ALEXANDER C. TROUP, JUDGE. *Affirmed.*

*W. A. Saunders,* for appellant.

*H. E. Burnam* and *W. H. Herdman, contra.*

AMES, C.

George M. Grant, as the holder of a mortgage on a certain tract of land in the city of Omaha, procured a decree of foreclosure and sale of the same, and became the purchaser of it at the sale which was consummated by confirmation and deed according to the usual course of procedure in such cases. The appraisers appointed by the sheriff found the gross value of the property to be $5,280, from which they deducted $1,024 on account of the apparent tax liens thereon as shown by treasurer's certificates procured by the sheriff pursuant to the statute, and the amount of the bid was $4,000 or $250 less than the "net" value of the land as shown by the appraisal, and $480 more than two-thirds of the amount of the gross appraisal. This is an action in the name of the state to foreclose the supposed tax liens pursuant to the so-called "Scavenger" act of the last legislature. A grantee of the purchaser at the foreclosure sale was made defendant, and answered, denying the validity of the alleged taxes on account of which the foreclosure is sought; and it was

stipulated before the trial that said supposed taxes were and are, in fact, wholly void, but the district court nevertheless entered a decree of foreclosure and sale, from which the defendant appeals.

This court has held so many times and so frequently that "a purchase of property at a judicial sale at which certain liens have been duly certified and deducted in the appraisement is a purchase subject to such liens, and the purchaser will be estopped from questioning their validity in subsequent proceedings, although he may have paid more than two-thirds of the gross appraisement" (*Battelle v. McIntosh,* 62 Neb. 647), that a reiteration of the decision now can serve no useful purpose. See, also, *Omaha Loan & Trust Co. v. City of Omaha,* 71 Neb. 781. Nor is any reason given why the rule thus settled should be inapplicable to cases in which the purchaser is also the judgment plaintiff, because the estoppel operates upon him in his character as purchaser only, and that character is not affected by the other mentioned fact when it exists. But it is argued that the estoppel is waived or discharged by the admission by stipulation that, as a matter of fact, the alleged taxes were and are void. But this stipulation, we think, amounts to no more than a waiver of the production of evidence to prove that fact. It is the fact itself that is rendered by the estoppel incompetent to be received in evidence or considered by the court, and such incompetency the stipulation does not purport to waive or remove, nor, evidently, was it within the intent of the parties that it should do so.

We are of opinion, therefore, that the judgment of the district court is right and recommend that it be affirmed.

OLDHAM and EPPERSON, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, it is ordered that the judgment of the district court be

AFFIRMED.