MERRICK COUNTY, APPELLEE, V. F. M. STRATTON ET AL., APPELLANTS.

FILED MARCH 7, 1907.    No. 14,710.

Judicial Sales: APPRAISAL: ESTOPPEL. Where in a judicial sale the appraisement returned by the sheriff shows a lien apparently prior to the lien under which the premises are to be sold, and that such lien was treated as prior and valid by the appraisers in determining the interest of the defendant, and where the status of such apparent lien has not been judicially determined, one who purchases at the sale without questioning the validity or priority of such apparent lien is thereafter estopped from so doing. State v. Several Parcels of Land, 75 Neb. 497, followed.

APPEAL from the district court for Merrick county: CONRAD HOLLENBECK, JUDGE. *Affirmed.*

*Patterson & Patterson* and *W. T. Thompson,* for appellants.

*J. C. Martin,* contra.

JACKSON, C.

The county of Merrick had a decree foreclosing a lien for taxes on real estate in Central City. A defendant, Arthur Lindley, also procured a decree foreclosing a tax lien on a tax sale certificate held by him. The defendants Stratton and Kerr appeal.

The property involved is the whole of lot 9, block 2, Reynolds addition to Central City. The defense is grounded upon an allegation that the greater portion of the lot and improvements involved in the assessed valuation upon which the taxes were levied is covered by the right of way of the Union Pacific Railway Company. There are two answers to this claim. The allegation of the answer that the property is largely within the right of way of the Union Pacific Railway Company is denied by reply, and we find no competent evidence in the record to sustain that allegation. The defendant F. M. Stratton purchased the entire property at a judicial sale based upon a decree foreclosing a mortgage. The taxes involved were certified by the county treasurer as being a lien on the real estate prior to the mortgage, and they were so treated by the appraisers who deducted the amount of taxes from the gross value of the real estate as found by them. The validity of the taxes had not been judicially determined at that time and was not questioned in that proceeding. Under our holding in *State v. Several Parcels of Land,* 75 Neb. 497, the defendant Stratton is estopped from questioning the validity of the tax. The defendants Kerr have filed no

assignments of error or brief. Their rights, however, are fully determined by the decree. They claimed the right of possession under a lease which had already terminated, and a quitclaim deed procured from the mortgagor pending the proceeding to foreclose the mortgage.

There is no merit in the appeal, and it is recommended that the decree of the district court be affirmed.

DUFFIE and ALBERT, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.